In the Matter of the Application of ALLEN CARUTHERS for Registration as an Attorney.

1. COURT OF APPEALS — NO ORIGINAL JURISDICTION — REGISTRATION OF ATTORNEYS. The Court of Appeals has no power, on original motion, to order the filing *nunc pro tunc* of an attorney's oath for the purpose of registration under chapter 165 of the Laws of 1898.

2. CLERK OF THE COURT. The duty imposed upon the clerk of the Court of Appeals by the act for the registration of attorneys is independent of the court, and with regard to these duties he should be treated as an independent public officer.

(Submitted January 25, 1899; decided January 31, 1899.)

MOTION to file *nunc pro tunc* the attorney's oath required by chapter 165 of the Laws of 1898, providing for the registration of attorneys.

· The facts, so far as material, are stated in the opinion.

HAIGHT, J.   The moving papers show that the petitioner was duly licensed and admitted to practice as an attorney and counselor at law in this state on the 3d day of August, 1897; that he neglected to file, prior to the first day of January, 1899, in the office of the clerk of the Court of Appeals, the oath required by chapter 165 of the Laws of 1898, and he now asks for an order of this court permitting him to file the same *nunc pro tunc* as of December 31st, 1898.

The first section of the act alluded to provides that " Every person duly licensed and admitted to practice as an attorney at law or as an attorney and counselor at law in the courts of record of this state must, before the first day of January, 1899, subscribe and take an oath or affirmation, which must be in the following form,   *   *   *   which oath or affirmation shall be filed in the office of the clerk of the Court of Appeals by the person making the same." The second section contains provisions with reference to those who shall be hereafter licensed.   The third section requires the clerk of the Court of Appeals to keep a bound book or volume, which shall be designated as an official register of attorneys and counselors at law, in which their names shall be entered in alphabetical order.   The fourth section makes it a misdemeanor on the part of any person who engages in the practice of the law as an attorney and counselor without having complied with the provisions of the act.   The act contains no provision giving the Court of Appeals any power to relieve persons who have violated the act and have become guilty of a misdemeanor.

Section 190 of the Code of Civil Procedure provides that "From and after the last day of December, 1895, the jurisdiction of the Court of Appeals shall, in civil actions and proceedings, be confined to the review upon appeal of the actual determinations made by the Appellate Division of

the Supreme Court in either of the following cases, and no others." None of the " following cases " specified in the Code have any application to the proceedings under the act in question.

In criminal proceedings "an appeal may be taken from a judgment or order of the Appellate Division of the Supreme Court to the Court of Appeals in the following cases and no other : 1. From a judgment affirming or reversing a judgment of conviction ; 2. From a judgment affirming or reversing a judgment for the defendant on a demurrer to the indictment, or from an order affirming, vacating, or reversing an order of the court arresting judgment ; 3. From a final determination affecting a substantial right of the defendant." (Code of Cr. Pro. § 519.)

The Constitution provides that " after the last day of December, 1895, the jurisdiction of the Court of Appeals, except where the judgment is of death, shall be limited to the *review* of questions of law," raised upon an appeal from the determination of an Appellate Division. It will thus be seen that under the Constitution and the Civil and Criminal Codes the Court of Appeals is given no original jurisdiction, but is limited to the review of the determination of other courts, and our conclusion is that we have no power to grant the relief sought by the petitioner.

The statute in this case has imposed upon our clerk a duty independent of the court, and with regard to these duties he should be treated as an independent public officer. Whether a court of original jurisdiction has the power, under the statute, to relieve an attorney from the consequences of his negligence after he may have become liable to criminal prosecution we do not now determine.

The motion should be denied.

All concur.

Motion denied.