## ARMOUR & CO. v. ROSS.

1. OBJECTION TO EVIDENCE assuming facts in dispute should not be sustained.

2. EVIDENCE—PURCHASER FOR VALUE WITHOUT NOTICE.—A mortgage forming part of the transaction set up in the plea of purchaser for value without notice is admissible as evidence thereof.

3. IBID.—APPEAL.—Admission of irrelevant evidence is not reversible error unless abuse of discretion, in its admission, be shown, nor should objection to evidence not stating ground be considered.

4. RECORDING MORTGAGES.—An agreement in writing to sell goods for another as agent, title to remain in principal until sold, should be recorded, under Code 2655, as against subsequent purchasers.
   MESSRS. JUSTICES JONES and WOODS *express no opinion as to whether the statute applies in this case.*

5. CHARGE.—A REQUEST stating the general principle of purchaser for value without notice is not in conflict with one stating the doctrine that an antecedent indebtedness is not a sufficient consideration of a mortgage to support said defense.

6. MORTGAGES—ISSUES—NOTICE.—DEFENSE OF PURCHASER FOR VALUE WITHOUT NOTICE is ordinarily an equitable issue, but where the question of notice arises under a recording act a legal issue is presented, and this Court cannot review findings below. *Held,* that this mortgage contains nothing to show that it was the intention of the parties. that the mortgage should cover goods acquired after its execution, and hence was not a lien on goods so acquired.

7. PRACTICE.—MOTION TO DIRECT A VERDICT is best practice, if there be no evidence to support claim or defense. *Dicta.*

Before KLUGH, J., Cherokee, October Term, 1905. Reversed.

Action by Armour & Co. against M. L. Ross.

*Mr. J. C. Jeffries,* for appellant, cites: *As to ratification of acts of agent:* 1 Ency., 2 ed., 1189, 1174; 11 How., 209; 22 Am. Dec., 220. *Agent cannot prevent principal from recovering his property by breach of trust:* 11 How., 209; 22 Am. Dec., 220; 48 Am. Dec., 643; 59 Am. Dec., 293; 1 McC., 1; 4 Strob., 427; 10 Rich., 83; 12 Rich., 451.

*Messrs. Butler & Osborne,* contra. . No citations.

September 18, 1906.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action to recover the value of goods, alleged to have been converted by the defendants to their own use.   The complaint alleges, that at the time hereinafter mentioned, the plaintiff was the owner of a quantity of bacon and lard, of the value of $1,353.41.   That at said time the property was in possession of the defendant, St. John Butler, as plaintiff's agent, and was in his hands upon consignment.   That on or about the 20th of August, 1901, the defendants, knowing that the plaintiff was owner of said property, and, in order to pay an old debt due from the defendant, St. John Butler, to his co-defendants, H. L. Ross and W. A. Turner, unlawfully and wrongfully converted the same to their own use, and placed it out of the possession of said agent, who thereupon left the State, and that the defendants, Ross and Turner, detained and concealed said property from the plaintiff for the purpose of appropriating it to their own use.

The defendants, Ross and Turner, denied the allegations of the complaint, and set up as a defense, that they were purchasers for valuable consideration without notice.   The jury rendered a verdict in favor of the defendants, and the plaintiff appealed.

The first assignment of error is because his Honor, the presiding Judge, permitted the defendants to introduce in evidence, a mortgage purporting on its face, to have been executed by St. John Butler in favor of the defendant, Ross, on the 7th of February, 1901, covering all his household and office furniture, and stock of merchandise, to secure the payment of a note in the sum of $535, payable sixty days after date.   The ground of objection was that Ross "had no right to take a mortgage given by the agent of Armour & Co. over the property of Armour & Co."

The objection was properly overruled, because it assumed facts that were in dispute under the pleadings.

The testimony, however, was admissible on the ground that the mortgage formed a part of the transaction, upon which the defendants relied to sustain their plea of purchaser for value without notice. But, in any event, even if the testimony was irrelevant, it was not prejudicial.

All the other exceptions relative to the introduction of testimony, must likewise be overruled, for the reason that the appellant either objected on the ground of irrelevancy, or failed to specify the ground of objection. Permitting the introduction of irrelevant testimony cannot be successfully assigned as error, unless there was an abuse of discretion on the part of the presiding Judge, which was not made to appear in this case.

The seventh exception was not argued by the appellant, and the Court deems it only necessary to state that it cannot be sustained.

The eighth exception is as follows: "Because his Honor erred in charging the jury as follows: 'If you should find from the evidence in this case, that this property was consigned to St. John Butler, upon some secret trust or arrangement, between himself and these plaintiffs, and that defendants had no knowledge of it, and did not know of facts, or had no notice of facts sufficient to put them on inquiry about it, which inquiry would lead to discovery of the fact that Butler was not the owner of the property, but simply agent of the plaintiff, if that is established by the evidence, then that would not entitle plaintiff to recover.' The error complained of being: (a) That this charge was not responsive to any of the evidence in the case; (b) That St. John Butler was the mere consignee of the plaintiff, and committed a breach of trust of their property, and it did not make any difference whether defendants knew of such contract or not; whether they took the property in good faith or not, still plaintiff would not be prevented from

recovering its property or the value thereof, which had been disposed of by its agent, by such breach of trust." Assignment of error "(a)" cannot be sustained, as the charge was responsive to the issues made by the pleadings. Assignment of error "(b)" must, also, be overruled for the following reasons: The plaintiff introduced in evidence an instrument of writing dated June, 1889, directed to St. John Butler, signed by Armour & Co., and containing, among others, the following provisions: "Upon your acceptance in writing indorsed hereon, you are constituted our broker and commission merchant at Gaffney, S. C., to sell provisions and products, as we may offer through or consign to you, or to your care for that purpose, upon the following conditions: 1. The title of all goods is to remain in us until sold by you, in accordance with the terms fixed by us, and when sold, the proceeds of sale shall at all times be the property of Armour & Co., and you shall any time deliver any or all unsold goods to whomsoever Armour & Co. may authorize to receive them." St. John Butler accepted the terms of the proposed contract.

Section 2655 of the Code of Laws is as follows: "Every agreement between the vendor and vendee, bailor or bailee of personal property, whereof the vendor or bailor shall reserve to himself any interest in the same, shall be null and void as to subsequent creditors or purchasers for valuable consideration without notice, unless the same be reduced to writing in the manner now provided by law, for the recording of mortgages; but nothing herein contained shall apply to livery stable keepers, inn keepers, or any other persons letting or hiring property for a temporary use, or depositing such property for the purpose of having repairs or work or labor done thereon." The charge was in accordance with the provisions of said section.

There is a mistake in setting out the charge in the ninth exception. It must, however, be overruled, as it raises practically the same question, as that presented by the eighth exception.

The tenth exception assigns error in charging certain requests of the plaintiff, and others of the defendant, on the ground that they were in conflict. The requests of the defendants state substantially the same proposition, while those of the plaintiffs are practically the same. We will, therefore, reproduce one of the defendants' and one of the plaintiff's requests.

Defendants' request: "If the plaintiff delivered the property in question to St. John Butler for other than temporary use as bailee, reserving to himself any interest in the same, and the plaintiff failed to have a written contract to that effect recorded in the office of the clerk of the Court for Cherokee County, then such agreement between plaintiff and St. John Butler is null and void as against M. L. Ross and W. A. Turner, if they were subsequent creditors or purchasers for valuable consideration and without notice of such interest in plaintiff, and the verdict must be in favor of the said Ross and Turner."

Plaintiff's request: "I charge you that if St. John Butler was the agent of the plaintiff, and the plaintiff shipped him the goods described in the complaint for sale as consignee, then nothing that he could say or do would enable the defendant, M. L. Ross. to have a good title to the property against plaintiff, if same was taken for an antecedent debt which the said St. John Butler owed M. L. Ross."

There is no conflict between the defendants' and the plaintiff's requests, as the former states the general principle correctly touching the defense of purchaser for value without notice, while the latter recognizes the well settled doctrine in this State that antecedent indebtedness is not a sufficient consideration to support said defense.

The eleventh exception assigns error in refusing the motion for a new trial, on the ground that "all the evidence showed that the defendants were not purchasers or creditors for value, and as a matter of law, his Honor should have set aside the verdict and granted a new trial." Ordinarily, the defense of purchaser for valuable

consideration without notice is equitable in its nature, and the findings of fact thereon by the Circuit Court may be reviewed on appeal. *Maxwell* v. *Foster,* 67 S. C., 377, 45 S. E., 927. When, however, the question of notice arises under the recording act, a legal issue is presented and the findings of fact in the Circuit Court cannot be made the basis of an appeal to the Supreme Court, unless they are wholly unsupported by the testimony, in which case a question of law is presented. *Gregory* v. *Ducker,* 31 S. C., 141, 9 S. E., 780; *Hodges* v. *Kohn,* 67 S. C., 69, 45 S. E., 102. The question, therefore, to be considered in this case is, whether there was any testimony whatever, tending to sustain such defense. There is testimony to the effect that the defendants were purchasers, and that they did not have notice of the agreement hereinbefore mentioned between the plaintiff and Butler. But the defendants failed to introduce any testimony whatever, tending to show that there was such consideration as equity recognizes in support of their defense. On the contrary, the testimony of the defendant, Ross, was to the effect, that the sale of the articles to him by Butler was based upon the consideration of past indebtedness, which is not sufficient to sustain said defense. (Quite a different question would be presented, if the appeal involved the construction of section 2456 of the Code of Laws, as that section was amended in 1898 by adding the words, "whether simple contract creditors or lien creditors." *Marsh* v. *Ramsay,* 57 S. C., 121, 35 S. E., 433). Nor does the fact that Butler executed the mortgage show that the defendant, Ross, had right thereunder to take possession of said property. The description of the property is as follows: "All household furniture, all office furniture, and all my stock of merchandise." No mention is made of property thereafter to be acquired. The mortgage was executed on the 7th of February, 1901, and there is no testimony whatever that the articles in dispute were a part of the stock of goods on hand at that time. On the contrary, Ross testified that the said property was not received until about the 8th or 9th of June,

1901, and that the sale took place on the 20th of August, 1901. A mortgage may be drawn so as to cover additions thereafter made to the stock of merchandise; but goods added to the stock will not be subject to the lien of the mortgage, unless the description of the property manifests an intention to include the articles subsequently added to the stock. *Moore* v. *Bynum,* 10 S. C., 452; *Parker* v. *Jacobs,* 14 S. C., 112; *Hirshkind* v. *Israel,* 18 S. C., 157; *Acker* v. *Rowan,* 33 S. C., 451, 12 S. E., 165; *Perkins* v. *Bank,* 43 S. C., 39, 20 S. E., 759; *Fidelity and Deposit Co.* v. *Sturtevant Co.,* 38 So., 783 (Miss.); *Cunningham.* v. *Alryan Woolen Mills,* 61 A., 372 (N. J.); *Tolerton & Stetson Co.* v. *First Nat. Bank,* 88 N. W., 865 (Neb.); *Godfrey and Sons Co.* v. *Citizens Nat. Bank,* 90 N. W., 239 (Neb.); *Syndacker* v. *Stubblefield,* 52 N. E., 742 (Ill.); *Wilson* v. *Siebert,* 8 Am. Law Reg., 608 (Ken.); 76 Am. Dec., 728, note. Such intention does not appear in this case.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

MR. CHIEF JUSTICE POPE *concurs.*

MR. JUSTICE JONES *concurs in the separate opinion of* MR. JUSTICE WOODS.

MR. JUSTICE WOODS *concurring.* I concur generally in the views of Mr. Justice Gary, except that I express no opinion as to whether section 2655 of the Civil Code applies to transactions between those sustaining such relationship as existed here between Armour & Co. and St. John Butler. The contract between these parties was held by the Circuit Judge to establish between them the relation of bailor and bailee, requiring record as against subsequent creditors and purchasers without notice, and the same view is taken in the opinion of Mr. Justice Gary. If this view be incorrect and the statute inapplicable, it would follow for a greater reason that the defendants had wrongfully converted the property of the plaintiffs. Hence, whether the statute does

or does not apply, the result in this case is the same. Whether goods placed in the hands of an agent in such circumstances as here appear may be treated by subsequent creditors and purchasers as the property of the agent, unless a written contract with the principal is recorded, as required by section 2655, is a nice and important question, upon which, it seems to me, an opinion should not be expressed until a case arises in which it is necessarily involved.

Without criticism of the course pursued in this or any other cause, I wish to suggest that when counsel intend to make the point that there is no evidence to support the claim of the plaintiff or the defense of the defendant; the best practice is to make a motion to direct a verdict, if a motion for a nonsuit is inappropriate, rather than wait to move for a new trial after a verdict has been rendered. This course would not only promote the interests of litigants, but save much time and labor in the public interest.