In re MOSSLER CO.

CHICAGO TITLE & TRUST CO. v. CENTRAL TRUST CO. OF ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit.   January 2, 1917.)

No. 2343.

1. BANKRUPTCY ⬡⇒198—LANDLORD'S LIEN—DISSOLUTION.
     The lien obtained within four months of bankruptcy, under a general
     distress warrant levied by the landlord pursuant to an express grant
     of such right in the lease, is not one obtained through legal proceedings
     made solely by virtue of the statutory right to distrain, and so is not
     dissolved, under Bankr. Act July 1, 1898, c. 541, §§ 67d, 67f, 30 Stat. 564
     (Comp. St. 1913, § 9651), respectively, declaring that liens given or ac-
     cepted in good faith, and not in fraud of the act, and for a present con-
     sideration, which shall have been recorded, if necessary, shall not be
     affected by the act, and that all levies, judgments, and attachments ob-
     tained through legal proceedings against an insolvent at any time within
     four months prior to the filing of the petition in bankruptcy shall be
     deemed null and void in event of adjudication.
     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 289, 296–
318; Dec. Dig. ⬡⇒198.]

2. LANDLORD AND TENANT ⬡⇒2—LEASES—LIEN RESERVED—WHAT LAW GOV-
     ERNS.
     The right created by the distress and lien clauses in a lease is governed
     by the law of the state in which is located the demised property.
     [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. ⬡⇒2.]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬡⇒184—EXECUTORS AND AD-
     MINISTRATORS ⬡⇒264(1)—RIGHTS OF—INSOLVENCY—ASSIGNEE—RIGHTS OF.
     Under the Illinois Law, neither an administrator nor an assignee in
     insolvency stands in any better position than the decedent or assignor
     with respect to one holding a lien, legal or equitable, and a mortgage or
     vendor's lien good against one is equally valid against the other.
     [Ed. Note.—For other cases, see Assignments for Benefit of Creditors,
     Cent. Dig. §§ 555–571; Dec. Dig. ⬡⇒184; Executors and Administrators,
     Cent. Dig. §§ 997, 1001–1009, 1011; Dec. Dig. ⬡⇒264(1).]

4. LANDLORD AND TENANT ⬡⇒246(5)—LEASES—LIEN.
     Where an Illinois lease declared that the lessor should have the right
     at all times to distrain for rent due, and a first and valid lien on all
     property of the lessee, including after-acquired property, whether exempt
     or not, the lease is without efficacy as a chattel mortgage or equitable
     lien until possession is taken, because of the indefiniteness of the description
     of the property sought to be covered.
     [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §
     998; Dec. Dig. ⬡⇒246(5).]

5. FRAUDULENT CONVEYANCES ⬡⇒138—LIENS—VALIDITY.
     Where an Illinois lease reserved a lien to the landlord on all the prop-
     erty of the lessee, including a stock in trade, which the lessee impliedly
     has the right to dispose of as he pleases, the lien must be deemed fraudu-
     lent and invalid.
     [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig.
     §§ 438, 443, 448–452; Dec. Dig. ⬡⇒138.]

6. LANDLORD AND TENANT ⬡⇒265(1)—LIENS—SEIZURE—VALIDITY.
     As an express power to take possession of the property covered by a
     fraudulent mortgage will, under the Illinois Law, protect a mortgagee

⬡⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

who has actually seized the property, a lessor, having an express right under the lease to distrain upon all of the property of the lessee, is protected after distress, though the lien reserved by the lease is fraudulent and invalid.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1062, 1064–1066, 1070–1074; Dec. Dig. ☜265(1).]

7. BANKRUPTCY ☜165(3)—LIENS—PREFERENCES.

Whether a debt secured by a lien created within four months of bankruptcy was pre-existing, within Bankr. Act, § ·60b (Comp. St. 1913, § 9644), providing for the avoiding of such liens where the creditor had reasonable cause to believe a preference was effected, must be determined as of the date of the creation of the lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260; Dec. Dig. ☜165(3).]

8. BANKRUPTCY ☜165(3)—LIENS—DEBT.

Where a lease reserved to the lessor the right to distrain for rent due, declaring that the lessor should have a lien on all property of the lessee, rent for which the levy was made was a pre-existing debt under the Bankruptcy Act; the lease giving only a contractual right, and the lien not being created until the levy of a distress warrant.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260; Dec. Dig. ☜165(3).]

9. BANKRUPTCY ☜303(1)—LIEN—VACATION.

Under Bankr. Act, § 60b, declaring that where a bankrupt, while insolvent, shall have procured or suffered judgment to be entered against him, or have made a transfer of any of his property, within four months of the filing of the petition, or after the filing thereof and before adjudication, and the judgment or transfer operates as a preference, and the person receiving it or to be benefited thereby shall have reasonable cause to believe that the enforcement of the judgment or transfer will effect a preference, it shall be voidable by the trustee, the lien of a lessor, perfected by the levy of a distress warrant within four months of the filing of a petition in bankruptcy, cannot, though the debt was a pre-existing one and the lessee was insolvent at the time of levy, be set aside, in the absence of evidence showing that the lessor had reasonable cause to believe a preference was being given; the burden of proof being upon the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 453, 459; Dec. Dig. ☜303(1).]

10. TRIAL ☜368—POWER OF COURT—AMENDMENT.

Though a case was heard on stipulated facts, the trial judge may, in his discretion, permit additional proof, and amendment of the pleadings in conformity therewith.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 880; Dec. Dig. ☜368.]

11. BANKRUPTCY ☜468—APPEAL—DETERMINATION—REMAND.

A few days before the filing of a petition in bankruptcy, the lessor of the bankrupt levied a distress warrant on the bankrupt's goods, and after bankruptcy filed a petition for payment in full out of the proceeds. The petition was opposed by the trustee, and the matter was heard on stipulated facts. The trustee's motion for leave to introduce evidence as to the lessor's knowledge that the transfer operated as a preference was denied, evidently because the court which denied the petition of the lessor on other grounds deemed such proof unnecessary. *Held* that, as the court might, in its discretion, permit additional proof, and amendment of the pleadings in conformity therewith, the lessor is not entitled on appeal, though the decree was erroneous, to a decision directing payment in full

of its claim out of the proceeds, but the cause should be remanded, with leave to the trustee to renew its motion to amend the answer and offer additional proof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 930; Dec. Dig. ☞468.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the bankruptcy of the Mossler Company. Petition by the Chicago Title & Trust Company, a corporation, as trustee, opposed by the Central Trust Company of Illinois, a corporation, trustee in bankruptcy. From a decree affirming an order of the referee denying the petition, petitioner appeals. Reversed and remanded, with directions.

Julius Moses, of Chicago, Ill., for appellant.
Clarence J. Silber, of Chicago, Ill., for appellee.

Before MACK, ALSCHULER, and EVANS, Circuit Judges.

MACK, Circuit Judge. Appellant, assignee of a lessor, levied a distress warrant four days before a petition in bankruptcy was filed against the lessee which was insolvent at and after the levy. The lease contained the following provision:

"Said party of the second part further covenants and agrees that said party of the first part, or the representatives or assigns of said party, shall have, at all times, the right to distrain for rent due, and shall have a first and valid lien upon all personal property of said party of the second part, which they now have or own or may hereafter acquire or have an interest in, whether exempt by law or not, as security for the payment of the rent herein reserved."

Subsequently by agreement the goods were sold and lien, if any, transferred to the proceeds. Thereupon appellant filed its petition for payment in full out of the proceeds. The answer denied that appellant was entitled thereto.

The matter was heard on a stipulation of facts; the order of the referee, denying payment in full and allowing only a general claim, was affirmed by the District Judge.

[1] 1. In Re Robinson and Smith, 154 Fed. 343, 83 C. C. A. 121, this court held that the lien obtained within four months of bankruptcy under a distress warrant, levied pursuant to an express grant of such a right in and by the lease, was not obtained through legal proceedings, and, unlike the levy made solely by virtue of the statutory right to distrain, as in United Motors Chicago Company, 220 Fed. 772, 136 C. C. A. 378, was not to be dissolved under Bankruptcy Act, §§ 67d and 67f. We adhere to that decision for the reasons therein stated.

[2, 3] 2. The nature of the right created by the distress and lien clauses of this lease is governed by Illinois law. In Illinois neither an administrator (Sumner v. McKee, 89 Ill. 127), nor an assignee in insolvency (Hooven v. Burdette, 153 Ill. 672, 39 N. E. 1107), stands in any better position than the decedent or assignor respectively, as against one holding a lien, legal or equitable, vested or inchoate; a mortgage or vendor's reserved title, good as against the one, is held to be equally

valid as against the other. In re Sturtevant, 188 Fed. 196, 110 C. C. A. 68.

[4] If, then, in such a lease, the distress or lien clause of itself created any lien or equity, vested or inchoate, it would be enforceable as against the lessee's administrator in possession of the property. But the decision in Borden v. Croak, 131 Ill. 68, 22 N. E. 793, 19 Am. St. Rep. 23, in favor of the administrator necessarily determines that in Illinois, unlike Georgia (Henderson v. Mayer, 225 U. S. 631, 32 Sup. Ct. 699, 56 L. Ed. 1233), no such lien or equity is thereby created. The clauses in the Borden lease were similar to those involved in this case, except that here after-acquired property was expressly included. Under that decision, it is clear that, until possession was taken, the lease, as a chattel mortgage or equitable lien, was without efficacy because of the indefiniteness of the property sought to be covered thereby.

[5, 6] 3. Furthermore, as such a lease, by including all property, covers stock in trade, which the lessee impliedly has the right to dispose of as it pleases, it must be deemed fraudulent and invalid. Read v. Wilson, 22 Ill. 377, 74 Am. Dec. 159. In Illinois, however, contrary to the great weight of authority, an express power to take possession of the property covered even by a fraudulent mortgage will protect the mortgagee who has actually seized the property. Read v. Wilson, supra. And in the instant case the express right to distrain confers such a power upon the lessor. His lien, however, is created, not by the lease, but by the levy; prior thereto, he has but a contractual right to take unspecified property.

[7, 8] 4. Liens created within four months of the bankruptcy to secure pre-existing debts may be avoided by the trustee under section 60b, if the creditor had reasonable cause to believe that a preference was thereby effected. Whether or not the debt secured is pre-existing must be determined as of the date of the creation of the lien. Clearly here where even as between the parties the lease gave only a contractual right, and where the lien was not created until the distress warrant was levied, the rent for which the levy was made was then a pre-existing debt. See, too, In re Caslon Press, 229 Fed. 133, 143 C. C. A. 409.

[9] 5. At the time of levy, the debtor was admittedly insolvent; inasmuch, however, as the record is devoid of any evidence tending to show that the landlord then had reasonable cause to believe that a preference was thereby given, and as the burden of proof is on the trustee, the order of the District Court must be reversed.

[10] 6. Appellant urges, especially in view of the action of the District Court in denying appellee's motion for leave to introduce evidence as to the lessor's knowledge of the preference, that the proper order on the record before us is that the decree be reversed and the landlord's claim to payment in full out of the proceeds of the sale be allowed. While the case was heard on a stipulation of facts, the trial judge was clearly empowered, in his discretion, to permit additional proof and amendment of the pleadings in conformity therewith.

[11] Appellee's motion was denied, evidently because the court, in view of the conclusions reached on other grounds, deemed this proof

unnecessary. Under these circumstances, justice requires that the cause be remanded to the District Court, with leave to the appellee to renew therein its motion to amend the answer and to offer the additional evidence and for further proceedings in conformity herewith. Essley Machinery Co. v. Belsley, 235 Fed. 285, —— C. C. A. ——.

And it is so ordered.