(No. 18262.—

THE SOUTHERN SURETY COMPANY, Plaintiff in Error, *vs.* THE PEOPLES STATE BANK OF ASTORIA, Defendant in Error.

*Opinion filed October 25, 1928—Rehearing denied Dec. 7, 1928.*

GILLESPIE, BURKE & GILLESPIE, (HUGH J. DOBBS, of counsel,) for plaintiff in error.

GLENN RATCLIFF, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

This case comes to this court upon a writ of *certiorari* to review a judgment of the Appellate Court for the Third District affirming a judgment of the county court of Fulton county in favor of defendant in error, the Peoples State Bank of Astoria, in a trial of the right of property in certain goods and chattels originally belonging to Nixon & Keeley, which were levied upon under an execution issued upon a judgment in favor of defendant in error against Nixon & Keeley, the title being claimed by plaintiff in error, the Southern Surety Company, under a chattel mortgage given by Nixon & Keeley to plaintiff in error.

Nixon & Keeley entered into a contract with the village of Astoria to install a system of waterworks. They applied to plaintiff in error for a bond to guarantee the faithful performance of the contract. The application for the bond provided that in consideration of the execution of the bond by the Southern Surety Company, Nixon & Keeley covenanted and agreed that upon their failure to comply with the contract the surety company might take such steps

as it deemed necessary to secure the performance of the contract, and all damage and expense which the surety company might sustain should be paid by Nixon & Keeley, "and for the better protection of said company, and as collateral security hereof and for all claims of said surety against the undersigned, we, the undersigned, [Nixon and Keeley,] do by these presents, as of the date hereof, hereby assign, transfer and convey to the said company all the right, title and interest of the undersigned in and to all the tools, plant, equipment and materials, of every nature and description, that we may now or hereafter have upon said work, or in, on or about the site thereof, including as well materials purchased for or chargeable to said contract, which may be in process of construction, in storage elsewhere, or in transportation to said site," together with all payments, funds, moneys or property due or to become due to the undersigned under the contract. The president or vice-president of the surety company was appointed as attorney for Nixon & Keeley, with authority to sign the name of Nixon & Keeley to any voucher, check, release, bill of sale, satisfaction or paper necessary or desired to carry into effect the purposes of the assignment, and to enter upon and take possession of said personal property, and enforce, use and employ such possession.

The bond was executed by plaintiff in error on February 25, 1924, and Nixon & Keeley began work under their contract. They opened an account with defendant in error, and in August, 1924, overdrew their account. On September 12, 1924, they executed a note to defendant in error for the amount of the overdraft. They defaulted on their contract and plaintiff in error was notified of the default. On September 12, 1924, plaintiff in error filed for record in Fulton county the application of Nixon & Keeley for the bond, and it claims that on October 2, 1924, it took possession of the property covered by the agreement. On March 4, 1925, defendant in error obtained a judgment upon its

note for $1037.38, and an execution was issued and levied upon the property. Plaintiff in error served notice of the trial of the right of property in the county court, as provided by statute. The trial was before the court without a jury. Several propositions of law and fact were submitted to the court and some were held and others refused. The eighth proposition refused was that plaintiff in error took possession of the property on October 2, 1924. Defendant in error sought to maintain its levy on the ground that the chattel mortgage was not acknowledged and recorded, as provided by statute, and that it was in violation of the Bulk Sales act. The court rendered judgment in favor of defendant in error. An appeal was prosecuted to the Appellate Court, where the judgment was affirmed.

Defendant in error insists that the instrument in question was not a chattel mortgage; that it was a conditional transfer of the absolute title, and was void because there was no compliance with the Bulk Sales act; that plaintiff in error had no rights under the instrument as a chattel mortgage because it was not acknowledged or recorded, as provided by statute; that plaintiff in error did not take possession of the property.

If the instrument was a chattel mortgage the Bulk Sales act had no application. (*Talty* v. *Schoenholz,* 323 Ill. 232.) Chattel mortgages were unknown to the common law, the rule being that all sales or pledges of personal property were void unless possession accompanied or went with the title to the pledgee. (*Kimball & Co.* v. *Polakow,* 268 Ill. 344.) Chattel mortgages in this State are regulated by statute. A chattel mortgage is a conveyance of some present legal or equitable right in personal property as security for the payment of money or for the performance of some other act. (11 Corpus Juris, 398.) In *Goodheart* v. *Johnson,* 88 Ill. 58, it was held that "if the mortgage, for the most part, was not to secure the payment of an absolute debt, as it purported, but was in truth and in good faith to secure

against a contingent liability as surety, the latter would be a good consideration and sufficient to sustain the mortgage; and although appellee had not, in fact, paid the debts for which he was surety, if he would have them to pay, as was the undisputed testimony, he might well hold the property or its proceeds to apply to the payment of such debt."

Whether the instrument was a chattel mortgage or was a conditional transfer of the absolute title must be determined from the language used in the instrument and from the facts in evidence which are not in dispute. The bond executed by plaintiff in error was for $82,950. The application recited that for the better protection of plaintiff in error and as collateral security, Nixon & Keeley assigned, transferred and conveyed all right, title and interest to the property; that upon a default of the contract plaintiff in error had a right to take possession of the property, and its president or vice-president was authorized to sell the same and to carry into effect the assignment. The conveyance was for the better protection of plaintiff in error and was collateral security for the bond. The obligation secured was the liability on the bond. The liability on the bond would accrue, if at all, within the time within which the contract was to be completed, which was September 1, 1924. The conditions of the instrument would be broken, if at all, within seven months of the date of the instrument. The amount of the liability was limited to the amount of the bond. Possession was to remain in defendant in error until a default occurred. If a default occurred plaintiff in error had the right to possession, with the power to sell, use or convey. A bill of sale given as security to provide means of payment has been held to be a chattel mortgage. (*Whittemore* v. *Fisher,* 132 Ill. 243.) A bill of sale with a contemporaneous agreement to re-convey upon payment is a chattel mortgage. (*Upham & Gordon* v. *Richey,* 163 Ill. 530; *Martin* v. *Duncan,* 156 id. 274.) If this instrument had been acknowledged and recorded, as

provided by statute, or if possession had been delivered to plaintiff in error at the time of its execution, there could be no question as to its validity as a chattel mortgage. The agreement conveyed legal title as security by language of bargain and sale, possession remaining with the transferer. The essence of a chattel mortgage is the intention to transfer title to secure the performance of an obligation by the mortgagor, and a transfer of title to secure a contingent liability is a valid chattel mortgage. (*Upham & Gordon* v. *Richey, supra;* Jones on Chattel Mortgages, secs. 82, 83; 11 Corpus Juris, 448, 449.) The instrument was a chattel mortgage and was not a sale of personal property.

Section 1 of the Chattel Mortgage act provides that no mortgage shall be valid, as against the rights of any third person, unless possession shall be delivered to and remain with the mortgagee or the mortgage shall be recorded as therein provided. If this instrument was a chattel mortgage and plaintiff in error took possession of the property before any right of lien attached, its title under the mortgage was good against everybody, although the mortgage was neither acknowledged nor recorded as provided by statute. (*Springer* v. *Lipsis,* 209 Ill. 261; *Second Nat. Bank* v. *Gilbert,* 174 id. 485.) It therefore becomes material and controlling whether plaintiff in error on October 2, 1924, took and retained possession before the judgment of defendant in error was entered, on March 4, 1925. Whether plaintiff in error did take possession on October 2, 1924, is a question of fact, which this court is without jurisdiction to determine. The trial court refused to hold the eighth proposition of fact, which was, that plaintiff in error did take possession on October 2, 1924. This refusal was, in effect, a finding that it did not take possession on that date. The Appellate Court in its opinion stated that about October 2, 1924, plaintiff in error under the agreement took possession and thereafter controlled the property until the levy of the execution of defendant in error, but no finding of

fact to that effect was made in the final order or judgment. The opinion further held that the instrument was not a chattel mortgage because it was not executed as provided by statute, and that the sale was invalid because it did not comply with the Bulk Sales law. The latter holding was erroneous under the rule announced by this court in *Talty* v. *Schoenholz, supra,* and the mortgage was valid if possession was taken and retained before the judgment of defendant in error was entered. Section 120 of the Practice act provides that if any final judgment of any cause, except in chancery, shall be made by the Appellate Court as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the trial court, it shall be the duty of the Appellate Court to recite in its final order or judgment the facts as found. In order that there may be a proper application of the law as above stated to the facts in this case, it is essential that there be a finding by the Appellate Court as to the possession of this property. If the Appellate Court finds that possession was not taken by plaintiff in error before March 4, 1925, as was found by the trial court, then the judgment should be affirmed. If, on the other hand, the Appellate Court finds that possession was taken by plaintiff in error on October 2, 1924, as stated in the opinion, then there should be a finding of fact to that effect, as provided in section 120, and the judgment should be reversed. As this court is without jurisdiction to make this 'finding of fact it will be necessary, in order that a proper judgment may be entered, that the case be remanded to the Appellate Court for decision according to the views herein expressed.

The defendant in error insists that the mortgage did not describe the property with sufficient definiteness to pass title; that there is no evidence that any of the property claimed by plaintiff in error was in existence or was owned by Nixon & Keeley at the time the instrument was executed, and for that reason no title passed. The instrument

described the property as all tools, plant, equipment and material, of every nature and description, which Nixon & Keeley may now or hereafter have upon said work or in or about the site thereof, including, as well, materials purchased for and chargeable to said contract, which may be in process of construction, in storage elsewhere, or in transportation to said site. It covered property in existence at the time it was executed and after-acquired. A description of personal property is sufficient which identifies the property covered by the mortgage. A description is sufficient if possession of the property embraced in the mortgage has been taken by the mortgagee. A description which will enable a third person to identify the property, aided by inquiry which the instrument suggests, is sufficient. (*Pike* v. *Colvin,* 67 Ill. 227.) A mortgage of after-acquired property is valid if the mortgage so provides. Where the mortgage so provides, possession of the property by the mortgagee on breach of condition validates the mortgage as to after-acquired property or property not in existence when the mortgage was executed. (*Snydacker* v. *Blatchley,* 177 Ill. 506; *Borden* v. *Croak,* 131 id. 68; *Titus* v. *Mabee,* 25 id. 232; 5 R. C. L. 406; Jones on Chattel Mortgages, sec. 160.) The property was sufficiently described and identified to make the mortgage a lien thereon after possession was taken by plaintiff in error.

The judgment will be reversed and the cause will be remanded to the Appellate Court for the Third District for further proceedings in accordance with the views herein expressed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*