## In re SUPERIOR METAL BED CO.

## NATIONAL BOX CO. v. McKINLAY.

No. 5054.

Circuit Court of Appeals, Seventh Circuit.

Feb. 13, 1934.

Rehearing Denied April 14, 1934.

John M. Lee and Thomas J. Carroll, both of Chicago, Ill., for appellant.

Edgar J. Schoen and H. Lester Seidner, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and FITZ-HENRY, Circuit Judges.

EVANS, Circuit Judge.

If we accept as correct the findings of the referee, the legal question determinative of this appeal may be stated thus:

■■■ As against the trustee of the lessee's bankrupt estate, has a lessor of Illinois property, whose unrecorded lease gives him the right to distrain for rent due and a valid lien on lessee's property, exempt or not, as security for payment of rent, a valid lien on property (lessee's stock in trade) upon which he levied under a distress warrant seven days before a petition in bankruptcy was filed against said lessee, when it appears lessor knew at the time of levy that lessee was insolvent and had reasonable ground to believe that a preference would be obtained by such distraint?

The question must be answered in the negative. In re Mossler Co. (C. C. A.) 239 F. 262. This conclusion is based on the following syllogism. (a) The agreement in an unrecorded lease which gives lessor a lien on lessee's stock in trade is void as against creditors. Read v. Wilson, 22 Ill. 376, 74 Am. Dec. 159; 16 R. C. L. 980. (b) Such agreement will, however, become valid and effective from the date of levy made pursuant to

provisions of said lease. In re Mossler Co. (C. C. A.) 239 F. 262. (c) The creation of the valid lien is traceable to the levy and not to the lease. (d) Such a lien which arises by virtue of the levy under such circumstances secured a preexisting debt. (e) A lien which is traceable to a levy made seven days before bankruptcy, securing a preexisting debt of the insolvent debtor whose insolvency the lien creditor was aware of and who had reasonable cause to believe that a preference in his favor was thereby effected, constituted a voidable preference under the Bankruptcy Act (see 11 USCA).

The decision in the Mossler Case is distinguishable from In re Robinson & Smith (C. C. A.) 154 F. 343. In the Mossler Case, the lien provision on the merchant's stock in trade was fraudulent and void as to creditors, because it covered a stock in trade. Such a void lien, however, became effective through the levy—a legal proceeding. As a lien (and we speak of a valid as distinguished from a fraudulent and void lien), its existence is traceable solely to the levy. In the Robinson & Smith Case, the lien provision of the lease was valid, and the levy therefore did not create the lien. There existed a valid lien without the levy. It was merely a step in the enforcement of a valid existing lien.

■ We are satisfied that the findings, which in the hypothetical question above stated were accepted as true, were sustained by the evidence. For example, the finding that the company was insolvent when the distress warrant was levied is amply sustained by the evidence. The adjudication as a bankrupt a week later, the notice of creditors' meetings shortly before the adjudication, the inability to pay debts, the inability to pay the rent though pressed to do so, the inability of the company to obtain any appreciable volume of business immediately preceding the adjudication in bankruptcy, the statement of the bookkeeper to the effect that the company carried on its books $6,000 of accounts which were fictitious, and the further statement that the accounts receivable were "very, very bad" —all support the referee's finding that the debts, aggregating $25,000, exceeded the fair market value of the assets of the debtor. Likewise, appellant's knowledge of the insolvent condition of the lessee and its intention to prefer its claim against the insolvent debtor to the detriment of all other creditors are, we think, established with sufficient certainty.

The action of appellant, supplemented by the notices and the other information given it, supports the specific findings of the referee on these two issues.

The decree is affirmed.