**In re GREENBERG.**

No. 65223.

District Court, D. Massachusetts.

Dec. 21, 1942.

Adelson & Rabinowitz, of Boston, Mass., for bankrupt.

HEALEY, District Judge.

Proceeding in the matter of Yale J. Greenberg, Bankrupt. On petition of the trustee to review an order of the referee directing the trustee to pay to the Middle-sex County National Bank, hereinafter called the creditor, the sum of $318.55 in settlement of the bank's claim under a chattel mortgage.

### Facts

In December of 1939, the creditor loaned $500 to the bankrupt. On February 20, 1940, the bankrupt gave the creditor a mortgage on an automobile to secure that loan. The mortgage was recorded on the records of the town in which the bankrupt resided, but not on the records of the town in which the bankrupt principally transacted his business. On December 4, 1940, the creditor took possession of the automobile for the purpose of foreclosing. On December 5, 1940, the bankrupt was adjudicated. On the date that the creditor took possession, the bankrupt was insolvent, and the creditor had reasonable cause to believe that the bankrupt was insolvent. The referee on January 27, 1942, issued an order directing the trustee to pay $318.55 to the creditor in settlement of this claim and the trustee has duly petitioned for a review of the order.

### Discussion

In Massachusetts, a mortgage of personal property, in order to be valid against a person other than the immediate parties thereto, must be recorded both on the records of the town where the mortgagor resides when the mortgage is made, and on the records of the town where he then principally transacts his business. G. L.(Ter.Ed.) Chap. 255, § 1. It is imperative under the Statute that the mortgage be recorded in both towns, and failure to record in either renders the mortgage invalid as against creditors, and as against the trustee in bankruptcy who represents the creditors. Alexander v. F. L. Smith Machine Co., 248 Mass. 436, 143 N.E. 321. See also Petition of McLaughlan, 1 Cir., 1 F.2d 5. Consequently, the mortgage to the creditor in the case at bar was never valid as against the trustee in bankruptcy.

It follows, therefore, that the creditor never perfected the mortgage, at least, until it took possession of the chattel on December 4, 1940, the day before the bankrupt was adjudicated. It was on that day, if at all, that the creditor's title was perfected so that "no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein" within the meaning of Section 60, sub. a, of the Federal Bank-

4

ruptcy Act, as amended by the Chandler Act, 11 U.S.C.A. § 96, sub. a.

Subsection a of Section 60 of the Federal Bankruptcy Act, as so amended, provides that a preference "is a transfer, as defined in this Act [title], of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition in bankruptcy, or of the original petition under chapter 10, 11, 12, or 13 of this Act [title], the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class. For the purposes of subdivisions a and b of this section, a transfer shall be deemed to have been made at the time when it became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein, and, if such transfer is not so perfected prior to the filing of the petition in bankruptcy or of the original petition under chapter 10, 11, 12 or 13 of this Act [title], it shall be deemed to have been made immediately before bankruptcy."

Subsection b of Section 60 provides in part that any "such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent."

It is clear that the mortgage held by the creditor was a mortgage given to secure an antecedent debt, being given on February 20, 1940, to secure a debt incurred in December of 1939.

It is equally clear that the transfer, within the meaning of Section 60, of the mortgaged chattel was not made until within four months before the filing of the petition, since the transfer did not become so far perfected "that no bona fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein", until the day before the bankrupt was adjudicated.

Since the creditor had reasonable cause to believe that the bankrupt was in-

solvent on December 4, 1940, the mortgage and transfer may be avoided by the trustee. Federal Bankruptcy Act, as amended, Section 60, Subsection b, 11 U.S.C.A. § 96, sub. b.

The case of Mason v. Wylde, 308 Mass. 268, 32 N.E.2d 615, relied upon by the creditor, was decided under the law as it was prior to the effective date of the Chandler Act.

This case is governed by the principles enunciated in Re Markert, D.C., 45 F.Supp. 661.

The order of the referee is reversed.