Francis J. CURTIS, Trustee in Bankruptcy for The Tam Corporation, Plaintiff-Appellee,

v.

Vernon J. KNOX and Helen Diekman, Trustee, Defendants-Appellants.

No. 12152.

United States Court of Appeals Seventh Circuit.

March 5, 1958.

On Petition for Rehearing May 6, 1958.

Ralph E. Madsen, Crystal Lake, Ill., George A. Bosomburg, Chicago, Ill., Vernon J. Knox, Crystal Lake, Ill., pro se, for appellants.

Sherwin O. Simon, Miss Anna R. Lavin, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

HASTINGS, Circuit Judge.

Francis J. Curtis, Trustee in Bankruptcy of the Estate of The Tam Corporation (appellee), brought this action against Vernon J. Knox and Helen Diekman, Trustee (appellants), to set aside, for the benefit of the bankrupt estate, a lien on and sale of certain personal property under a chattel mortgage as an alleged preference under Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, and to recover the value of such property transferred from the bankrupt to defendants. The jury found the issues in favor of plaintiff and awarded damages of $32,500. From judgment entered thereon, this appeal is taken.

The Tam Corporation was engaged in the business of tool and die manufacturing and fabrication from 1946 to February 10, 1955 in McHenry, Illinois. On August 1, 1951, the McHenry Manufacturing Company (prior name of The Tam Corporation) executed a chattel mortgage on certain named tools, machinery and equipment to defendant, Helen Diekman, Trustee, to secure the payment of three promissory notes aggregating $25,000, all payable to bearer. The mortgage and notes were given in renewal of an existing mortgage and a pre-existing debt of McHenry Manufacturing Company. At the time of the foreclosure sale, defendant, Knox, and one Martin Cooney held the notes secured by this mortgage. Knox was Secretary, director and a stockholder of Tam, and at times may have acted as its attorney. Defendant, Helen Diekman, Trustee, was an office employee of Knox.

The chattel mortgage in question listed 39 specific items or groups of machinery and "[s]mall tools, drills, reamers, milling cutters, taps, micrometers, and indicators." It is admitted that the chattel mortgage listed and described all tools and machinery owned by the mortgagor at that time. The mortgage further provided:

"Mortgagor may sell and/or exchange any part of the above described property for such machin-

ery as may be more useful and *this chattel mortgage is intended to cover such additional machinery as may be taken in exchange or purchased,* provided always that the security of the holders of the notes hereunder be not diminished on account thereof." (Our Emphasis.)

The mortgagor defaulted by failing to pay any part of the principal, the final payment coming due on July 1, 1954. About the first of October, 1954, Knox talked with one Frothingham, a vice-president and active manager of the Tam business, about the default and the necessity of foreclosure. On Friday, October 15, 1954, one Rich, a law partner of Knox, posted typewritten notice of sale and foreclosure (pursuant to Illinois Revised Statutes, 1955, Ch. 95, § 27), listing the chattels to be foreclosed upon, and fixing Monday, October 18, 1954, at 8:30 a.m., as the time for the sale. The foreclosure sale took place at the factory at that time. Knox conducted the sale, bought the mortgaged property for the stipulated amount due on the notes, and took possession of the same.

The personal property taken over by Knox at the foreclosure sale comprised all of the physical assets of the corporation. Thereafter, an order of adjudication in bankruptcy was entered. Following appointment of the Trustee in Bankruptcy this proceeding was instituted pursuant to Sections 60 and 67 of the Bankruptcy Act, 11 U.S.C.A. §§ 96, 107, to set aside the sale of the assets transferred under the clause of the chattel mortgage relating to *after-acquired property.*

It is conceded that most of the property purchased at the foreclosure sale was acquired subsequent to the execution of the chattel mortgage in 1951, and that the period of four months before the filing of the petition in bankruptcy began on October 11, 1954.

At the close of plaintiff's evidence and again at the close of all the evidence, defendants' motions for a directed verdict were denied. After judgment, defendants renewed their motion and moved to set aside the verdict and judgment, and this was followed by a motion for judgment notwithstanding the verdict. The errors relied upon arise out of the denial by the trial court of these motions.

It is undisputed that the renewal chattel mortgage was duly executed and recorded more than three and one-half years before the bankruptcy and that the lien on the specifically described chattels was acquired at the time of such mortgage execution. It further appears that all of the tools and machinery subsequently acquired were purchased by the mortgagor more than four months preceding the bankruptcy. By its verdict the jury found that actual possession of the after-acquired property was not found in defendants until after October 11, 1954, or within the period of four months prior to the bankruptcy.

Defendants contend that the lien as to the tools and machinery acquired after the execution of the chattel mortgage arose at the time of acquisition of the property by the mortgagor. It is the position of plaintiff that, under Illinois law, *no* lien attached to the personal property not specifically described in the mortgage until possession was taken by the transferee at the foreclosure sale on October 18, 1954, and that as to such property the sale constituted a voidable preference under Section 60, and a fraudulent transfer under Section 67. Plaintiff contends further that assuming *arguendo* an *equitable* lien was acquired upon such property as between the parties to the mortgage, it is specifically proscribed by Section 60(a) (6) of the Bankruptcy Act.

In the case of In re Mossler Co., 7 Cir., 1917, 239 F. 262, 265 it was held by this court that, where an Illinois lease provided that the lessor should have the right at all times to distrain for rent due, including a first and valid lien on all property of the lease, *including after-acquired property,* the lease was not effective as a chattel mortgage or equitable lien *until possession was taken* (by the lessor) because of the indefiniteness of

the property sought to be covered thereby.

The Supreme Court of Illinois has held that a chattel mortgage or deed of trust does not create a lien on personal property acquired after its execution, and not specifically described therein, as against creditors holding executions against the mortgagor, unless the mortgagee takes possession before the liens of the executions attach. Titus v. Mabee, 1861, 25 Ill. 257, 260 (found in Freeman & Gross edition at page 232).

In holding a grain receipt to be a conveyance having the effect of a chattel mortgage, that court also ruled that a chattel mortgagee will not be allowed an equitable interest in property subsequently acquired by the mortgagor in the absence of any provision to that effect clearly expressed in the mortgage or writing relied upon to create the lien. Snydacker v. Blatchley, 1899, 177 Ill. 506, 510, 511, 52 N.E. 742, citing Borden v. Croak, 1889, 131 Ill. 68, 22 N.E. 793.

In Southern Surety Co. v. People's State Bank, 1928, 332 Ill. 362, 369, 163 N.E. 659, 662, after determining that a certain chattel mortgage making reference to after-acquired property, although neither acknowledged nor recorded as required by statute, was valid as between the parties where the description of the personal property was sufficient to identify the property or to enable a third party to identify it, aided by inquiry which the mortgage itself suggested, the court goes on to say: "A mortgage of after-acquired property is valid if the mortgage so provides. Where the mortgage so provides, *possession of the property by the mortgagee on breach of condition validates the mortgage as to after-acquired property or property not in existence when the mortgage was executed*" (our emphasis), citing the Titus, Snydacker and Borden cases, supra.

The question in the instant case is strikingly similar to that considered in In re Danville Hotel Co., D.C.1929, E.D. Ill., 33 F.2d 162. There, in addition to a real estate mortgage on a hotel building and lot, there was a chattel mortgage covering all furniture, furnishings, crockery, glass, silverware, carpets, utensils, screens, curtains, fixtures, window shades, vacuum cleaners and property of every description in the hotel on July 2, 1926, the date of the mortgage and its recording. The evidence shows that the mortgagor did not have any chattels on that date and did not acquire any until after December 1, 1926. Subsequently, the mortgagor was adjudicated a bankrupt and the trustee in bankruptcy sought an order for a sale of the hotel chattels free and clear of liens. The mortgagee had not taken possession of the chattels but claimed a prior lien by virtue of the mortgage. The late Honorable Walter C. Lindley, sitting as the district judge, defined the question thus (at page 165) : "[W]hether a mortgage upon chattel property, having no existence at the time of the execution of the mortgage, shall apply to after-acquired property as against a trustee in bankruptcy, who under the Bankruptcy Act occupies the position of a judgment creditor armed with an execution." He then stated that the solution depended upon the law of Illinois. After an extensive review of Illinois cases, including those previously cited herein, his opinion points out that this question was considered in the Mossler case, quoting: "It is clear that, until possession was taken, the lease, as a chattel mortgage or equitable lien, was without efficacy." In re Mossler Co., supra, 239 F. at page 265. The case of Hunt v. Bullock, 1860, 23 Ill. 258, 264 was also quoted with approval, and the order of the referee denying validity to the chattel mortgage, because the mortgagee had not taken possession of the chattels prior to the bankruptcy, was affirmed.

We hold, therefore, that in Illinois an equitable lien which arises on after-acquired personal property not specifically described in a chattel mortgage is not perfected in the mortgagee until the mortgagee takes possession of the property on breach of condition in the mortgage.

In Massachusetts, the rule is that possession of after-acquired property relates back to the time security was given. However, after the passage of the Chandler Act, it was held by a federal district court of that state that, where possession of after-acquired property was taken by a mortgagee under a chattel mortgage foreclosure two days before bankruptcy, there was a transfer constituting a voidable preference within Section 60 of the Bankruptcy Act. In re Markert, D.C. D.Mass.1942, 45 F.Supp. 661. In that case, on July 1, 1939, Markert gave a wholesaler a chattel mortgage on his stock of merchandise to secure antecedent indebtedness with provision therein that he might sell the merchandise in the ordinary course of business. He was to replenish the stock and all such after-acquired merchandise was to be included in the mortgage. On March 27, 1941, the mortgagee took possession under the mortgage and foreclosed by sale. Two days later Markert was adjudicated a bankrupt. The referee determined the value of the after-acquired property and ordered the mortgagee to pay that amount to the trustee in bankruptcy, and such order was affirmed by the district court. This holding was cited as governing in In re Greenberg, D.C.D.Mass. 1942, 48 F.Supp. 3, 4.

In the instant case, therefore, the lower court did not err in overruling appellants' motions under the foregoing authorities. We have examined the cases cited by appellants and find they are not authority for a contrary holding in Illinois.

The defendant asserts further that the verdict assessing damages at $32,500 is far in excess of the value of the after-acquired property. We have read the entire record with reference to this contention, and it is our opinion that there was substantial evidence to support the award and that such damages are not excessive but constitute just and fair compensation. In passing, it is to be noted that appellee introduced the evidence of a qualified expert appraiser whose testimony supports the award. Appellants did not bring forward any such disinterested witness but produced testimony as to values from a witness who admittedly was interested only in purchasing the property for the purpose of resale at a profit to himself. We are required to take the evidence in the light most favorable to the party prevailing at the trial below. We hold that the district court did not err in overruling appellants' motions based on excessive damages.

Since appellants took possession of the after-acquired personal property, by foreclosure within four months of the bankruptcy, and there being present all other necessary factors set out in the sections of the Bankruptcy Act involved, we hold that there was sufficient evidence to support the verdict of the jury holding that the transfer of the chattels constituted a voidable preference and that the trustee was entitled to recover the value of the same from appellants in the sum of $32,500.

The judgment of the court below is Affirmed.

### On Petition for Rehearing.

HASTINGS, Circuit Judge.

On petition for rehearing appellants acquiesce in our holding in this cause on March 5, 1958 "that in Illinois an equitable lien which arises on after-acquired property not specifically described in a chattel mortgage is not perfected in the mortgagee until the mortgagee takes possession of the property on breach of condition in the mortgage."

However, appellants now assert that we erred in holding that the district court properly overruled appellants' motion for a new trial based on excessive damages. Appellants point out with much persuasiveness that there was confusion at the trial as to what after-acquired property was owned by the bankrupt at the time the mortgagee took possession and that the verdict of the jury in the amount of $32,500 is far in excess of the value of such property. They assert that the jury included machinery which the bankrupt corporation did not own and which

438

was repossessed by the true owners and was not therefore "converted" by the mortgagee. Likewise, that there was confusion as to what property was specifically described in the mortgage (to which the mortgagee was rightfully entitled) and as to what property was after-acquired and owned by the bankrupt.

█ We have not been favored with a response by appellee, though it was his privilege to assist us in this present consideration. Sound practice would seem to suggest the filing of an answer to a petition for rehearing.

█ In the light of appellants' petition for rehearing on this one proposition we have examined the record again and we conclude there is merit in their contention. In the interest of doing substantial justice to all parties we, therefore, now modify our prior opinion of March 5, 1958 by setting aside that part of the last two paragraphs in which we approved the verdict assessing damages of $32,500 against appellants. There can be no harm done to the trustee in bankruptcy (appellee) in any event because he is still entitled to recover the value of the after-acquired property under the definition set out in our prior opinion, but he should not be permitted to recover more than that at the expense of appellants.

We now hold that the trial court erred in not sustaining appellants' motion, in the alternative, for a new trial on the ground that the verdict of $32,500 damages was excessive, and that appellants should be granted a new trial strictly limited to a determination of the value of the after-acquired property owned by the bankrupt and acquired by the mortgagee under the definition of the Illinois law relating thereto as set out in our prior opinion. In all other respects our prior opinion shall stand as originally handed down.

The petition for rehearing is granted and judgment below is reversed as to the question of damages alone, and this cause remanded for further hearing in accord with this opinion.