CHARLES M. BODLEY

v.

LEWIS ANDERSON.

</div>

1. CHATTEL MORTGAGE—RIGHT TO HOLD PROPERTY—MATURITY OF DEBT.—Appellant took possession of certain personal property by virtue of a chattel mortgage, acting as the agent of the holder of the note. An action of replevin in the *detinet* was brought by appellee for the recovery of the property. The court, at the request of appellee, instructed the jury that if

they found that at the time possession was taken of the property, the note and mortgage had not matured, they should find for appellee; and further instructed them to the effect that a note was not due until three days after the day expressed on the face thereof. *Held*, that neither of these facts were material to the issue, this being an action in the *detinet*, for at the time of bringing this suit the note and mortgage had long since matured.

2. INDEMNITY FOR EXISTING DEBT—PAYMENT OF ORIGINAL DEBT.—A note and chattel mortgage were made to indemnify C. for becoming security on a note payable to W. Both the original and indemnifying note and mortgage were endorsed by W. to L., with the understanding that he would sell the property and apply the proceeds to the payment of the original note. *Held*, that L. could hold the property described in the mortgage; that the original note, and note and mortgage having become united in the same person, a collection on the latter satisfied the former *pro tanto;* that it was immaterial whether C. first paid off the original note and then foreclosed the mortgage, or turned the note and mortgage over to L., who held the original note.

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. C. H. WOOD, and Messrs. GRAY & SWAN, for appellant; that the instructions given for appellee were erroneous and misled the jury, cited Ill. Cent. R. R. Co. v. Cassell et al. 17 Ill. 389.

The court must give construction to the contract; the jury are to find the fact of a contract having been made: McAvoy v. Long, 13 Ill. 147; Sigsworth v. McIntyre, 18 Ill. 126; Mitchell v. Fond du Lac, 61 Ill. 174.

The right of possession, not of ownership, was put in issue by the pleadings: Warner v. Matthews, 18 Ill. 83; Hinckley v. West, 4 Gilm. 136.

The mortgage had matured and the legal title vested in the mortgagee, and he had a right to hold the property: Simmons v. Jenkins, 76 Ill. 479.

If the action of replevin be defeated solely because prematurely brought, a judgment *retorno* will not be ordered: Martin v. Bagley, 1 Allen, 381; Hilliard on Remedies for Torts, 82.

The question of damages should have been passed upon by the jury: Austin v. The People et al. 11 Ill. 452.

Mr. A. SAMPLE, for appellee; that the same defense could be interposed against the assignee of the mortgage that could have been against the mortgagee, cited Herman on Chattel Mortgages, 429; Olds v. Cummings et al. 31 Ill. 189; Barbour et al. v. White et al. 37 Ill. 164; Petillon v. Noble, 73 Ill. 567.

A surety to whom a mortgage is given as indemnity, or his assignee, cannot foreclose it, not having paid the debt: Darst v. Bates et al. 51 Ill. 439; Bonham v. Galloway et al. 13 Ill. 68; Sheppard v. Ogden, 2 Scam. 257; Cornwell et al. v. McGowan et al. 53 Ill. 365; Lewis v. Richey, 5 Ind. 152; 1 Hilliard on Mortgages, 344; Sheppard v. Sheppard, 6 Conn. 37.

Where the action is not maintainable in any view of the evidence, the judgment will not be reversed: Mann v. Brady, 67 Ill. 95; Peoria Ins. Co. v. Frost, 37 Ill. 333.

Error in instructions will not reverse if it is apparent that on a re-trial the verdict must be the same: McConnel v. Kibbe, 33 Ill. 176.

LACEY, J. This was an action of replevin, commenced by the appellee against appellant in the Ford county Circuit Court, March 1, 1877. The declaration was filed in the *detinet*, and plea of *non detinet*. Also there was a special plea filed by the appellant, that he took the goods described in the declaration as the agent of Joseph Loose, by virtue of a chattel mortgage executed by Lewis Anderson and Peter Peterson to Emanuel Collins to secure a note of $1,100, due Feb. 16, 1877, and that the note was indorsed by Collins to Jos. S. Loose.

Special replication to said plea, being second replication, *i. e.*, that the note was given to indemnify Collins for signing a note as security for the makers of the mortgage to George Wright; and that said Collins had never paid the note. A demurrer was overruled to this replication.

It appears from the record that the cause was tried by a jury, who found verdict for appellee—" We, the jury, find for plaintiff." A motion was made by appellant for a new trial, which was overruled, and the court rendered judgment finding the property in the appellee, and ordering a return.

The court gave second and third instructions for appellee in

substance; 2d. That if the note described in the mortgage (given to Collins) did not mature till the 19th day of February, A. D. 1877, and that appellant took possession on the 17th day of February, A. D. 1877, then the jury would find for plaintiff.

3d. That promissory notes in this State have three days of grace; that in law a note was not due until three days after the day expired on the face of the note.

On the trial of the cause a note, as the evidence showed, signed by appellee and Peter Peterson, payable to Emanuel Collins, for the sum of $1,100, due Feb. 16, 1877, dated August 16, 1876, also chattel mortgage in the usual form, signed by the makers of the note, duly executed and recorded, for the property in question, given to Collins to secure the note, were in evidence.

The evidence showed that the only consideration of the note and mortgage was for indemnification to Collins for signing with them, as security, a note dated August 2, 1876, to said Wright, due in six months after date, for $816, drawing 3 per cent. interest per month, and for $80 attorney's fee.

The principal note, payable to Wright, had been indorsed to said Loose, and Loose had recovered a judgment, and had execution issued thereon, and afterward, about the time the note made payable to Collins became due, he indorsed that note, to Loose also, with the agreement with Loose that he would sell the property and make it bring as much as he could, and apply the proceeds in discharge of the judgment rendered on the Wright note.

The Collins note and mortgage was then by Loose put into the hands of appellant for the purpose of taking the property into possession — which appellant did on the 16th or 17th of Feb. 1877.

The giving of the second and third instructions for appellee the appellant assigns for error.

According to these instructions the jury was compelled to find for appellee, as the evidence was clear that either the note and mortgage had not matured, or that the three days of grace had not run when appellee took possession of the property.

Neither of these facts were material to the issue, for at the time this suit was commenced the note and mortgage had long since matured, and the appellee had a perfect right to retain the goods under the mortgage. This was an action in the *detinet*, and even were it an action in the *cepit* there could be no return of the property. Simmons v. Jenkins, 76 Ill. 479.

But it is claimed by appellee's counsel that Loose nor his agent, the appellee, would have a right to take possession of the property or foreclose the mortgage until Collins had paid off the debt for which he was security; and various authorities are cited to support this position — especially the case of Bonham v. Galloway et al. 13 Ill. 68.

In that case, the mortgage sought to be foreclosed was given on real estate, and the condition contained in it was, that in case the security was kept harmless, the mortgage was to be void, otherwise the condition was broken. The condition according to its terms was not broken, and the complainant had no right to foreclose it until he had paid the debt.

In this case the condition of the mortgage is quite different. By its terms, when the $1,100 note mentioned in it became due, then the condition was broken, and the mortgagee had a right to, and must take possession of the mortgaged property, or lose his security. This was the contract appellee had made.

In addition to this, the Wright note and the Collins note and mortgage had united in one and the same person — any collection on the latter satisfied the former to that extent. Hence appellee would be saved from loss. By the collection of the Collins note and mortgage the Wright note would also be satisfied.

The agreement between Collins and appellee was, that the former, in signing the latter's note as security, was to be kept harmless; he was only to pay if appellee did not.

It was a matter of indifference to appellee whether Collins first paid off the Wright note, and then by virtue of the chattel mortgage took possession of the property and foreclosed it, or turned the note and mortgage over to Loose, the holder of the Wright note, in the first instance.

The mortgage note was assignable, and when turned over to

the holder of the Wright note and was collected, it paid the debt of appellee, and relieved Collins from the very burthen he had agreed should never be imposed upon him.

As the second replication to the second special plea set up no legal bar to that plea, the demurrer should have been sustained to it. The court below should have granted a new trial.

For the above reasons the cause is reversed and remanded.

Reversed and remanded.