Alexander Lips et al., Plaintiffs in Error, v. Anton J. Cermak, Bailiff, and Anna L. McCoid, Defendants in Error.

Gen. No. 22,289.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. D. H. WAMSLEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed April 10, 1917.

## Statement of the Case.

Proceedings for trial of the right of property in an automobile, levied upon under an execution in favor of defendant McCoid, by Alexander Lips and Benjamin F. Nysewander, Jr., by J. L. Nysewander, his next friend, plaintiffs, against Anton J. Cermak, bailiff of the Municipal Court, and Anna L. McCoid, defendants. From a judgment dismissing the suit for misjoinder of parties plaintiff, plaintiffs bring error.

HARRY H. FELGAR, for plaintiffs in error.

ARTHUR B. McCoid and NELS H. OLSEN, for defendants in error; OTTO C. RENTNER, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTION—*when proceedings for trial of right of property dismissed for misjoinder of plaintiffs.* In proceedings for trial of right of property levied on under an execution, where it was claimed that the automobile in question was taken in exchange by one of the plaintiffs and that it was left with the other plaintiff to sell under an agreement that he was to have all he realized from a sale above a certain amount, *held* that the mere contract to sell

did not give the plaintiff having such contract the standing of a claimant, and that the motion of the defendant to dismiss for misjoinder of plaintiffs was properly granted.

2. EXECUTION, § 122*—*what is purpose of proceedings for trial of right of property.* In proceedings for trial of right of property levied on under an execution, the purpose is to determine the right to the property as against the levy.

3. EXECUTION—*when proceedings for trial of right of property may not be maintained by claimants jointly.* In proceedings for trial of right of property, where one person claimed the title to the automobile in question and another claimed merely an interest in the proceeds of a sale of the automobile, *held* that the property could not have been awarded to both claimants, and that therefore the action could not be maintained by them jointly.