## In re C. J. GELATT & SON.

District Court, M. D. Pennsylvania. February 4, 1928.

No. 5349.

Bankruptcy ⊖⊐140(1½)—Conditional sale contract held valid, and title to property acquired by bankrupts thereunder not to pass to trustee (Sales Act Pa. 1915, § 20 [Pa. St. 1920, § 19668]; Conditional Sales Act Pa. 1925, § 4).

Conditional sale contract, under which bankrupts acquired merchandise for resale, *held* valid under Pennsylvania Sales Act 1915, § 20 (P. L. 543; Pa. St. 1920, § 19668), and Conditional Sales Act 1925, § 4 (P. L. 603), and title to the merchandise remaining on hand at time of bankruptcy *held* not to pass to trustee.

In Bankruptcy. In the matter of C. J. Gelatt & Son, bankrupts. Petition of the John Deere Plow Company for reclamation. On exceptions to decision and order of referee disallowing petition. Referee's order set aside, and order for petitioner entered.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for claimant.

Miller & Miller, of Susquehanna, Pa., for trustee.

JOHNSON, District Judge. The question for decision is whether certain personal property belongs to the John Deere Plow Company or to the trustee in bankruptcy of C. J. Gelatt & Son. The controlling provisions in the contract of sale between the John Deere Plow Company and C. J. Gelatt & Son under which the articles in question were sold by the John Deere Plow Company to C. J. Gelatt & Son are as follows: "It is expressly agreed that the title to and ownership of all goods delivered to and held by the dealer under this contract shall continue and remain vested in the plow company, unless expressly surrendered by it in writing by an officer thereof, until full payment for all of the goods so shipped shall have been made in cash to the plow company. * * * The sale of any of said goods by the dealer shall not be deemed a waiver of the provisions of this contract. The failure or omission of the dealer to turn over to the said plow company the proceeds of the sale of said goods when received shall not be deemed a waiver of the provisions of this contract, nor shall the failure of the plow company to demand or receive such proceeds be deemed a waiver of said provisions. Notes and accounts delivered or assigned by the dealer to the plow company as proceeds of sales together with any collateral notes and accounts which may be delivered or assigned by the dealer to the plow company as collateral security, shall be held by the plow company until full payment in cash shall be made by the dealer of any and all indebtedness due under this contract or which thereafter becomes due from the dealer to the plow company."

Section 20 of the Pennsylvania Sales Act of 1915 (P. L. 543; Pa. St. 1920, § 19668) provides: "Where there is a contract to sell specific goods, or where goods are subsequently appropriated to the contract, the seller may, by the terms of the contract or appropriation, reserve the right of possession or property in the goods until certain conditions have been fulfilled. The right of possession or property may be thus reserved notwithstanding the delivery of the goods to the buyer or to a carrier or other bailee for the purpose of transmission to the buyer."

Section 4 of the Pennsylvania Conditional Sales Act of 1925 (P. L. 603) provides: "Every provision in a conditional sale, reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except ⟨as hereinafter otherwise provided."

In Bryant v. Swofford Bros., 214 U. S. 279, on page 289, 29 S. Ct. 614, 617 (53 L. Ed. 997), Mr. Justice Moody, delivering the opinion of the court, says:

"The merchandise which was delivered by Swofford Bros. Dry Goods Co. to E. M. Newton & Co. was delivered under the terms of a written contract. That contract provided that the title to the goods until their sale, and to the proceeds derived from their sale, whether in the form of cash, notes or book accounts, should be and remain in the dry goods company. The contract gave the Newtons the right to sell the goods in the ordinary course of business, but, as has been said, provided that the proceeds of the sale, in whatever form they existed, should be the property of the dry goods company. * * *

"We think it clear that the contract under which the goods were delivered to the Newtons was one of conditional sale. Harkness v. Russell, 118 U. S. 663 [7 S. Ct. 51, 30 L. Ed. 285]; Wm. W. Bierce, Ltd., v. Hutchins, 205 U. S. 340 [27 S. Ct. 524, 51 L. Ed. 828]. There is nothing in the nature of this contract which would forbid the parties from entering into it if it is valid by the laws of the state where made, but in bankruptcy the construction and validity of such a contract must be determined by the local laws of the state."

In John Deere Plow Co. v. Hamilton (C. C. A.) 19 F.(2d) 965, it was held that a con-

tract under which the bankrupt purchased plows for resale, though unrecorded, was a conditional sale as between the seller and buyer where ownership was retained in the seller and in event of a sale by the buyer the proceeds belong to the seller under the contract. On page 968, Page, Circuit Judge, said: "Whether such a contract, as between the vendor and a purchaser for value of merchandise, sold under a conditional sale contract, for resale, would have validity, we do not decide; but we are of opinion that the contract, as between the vendor and purchaser, is a valid contract, and the question remains as to whether the trustee in bankruptcy, since the amendment of 1910, has rights that are superior to those of the vendor. The trustee in bankruptcy is not a purchaser for value. His rights are those of a 'creditor holding a lien by legal or equitable proceedings.' * * *

"In Bailey, Trustee, v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275, the Supreme Court discussed and approved its former holding as to the contract in the Swofford Case, supra, and quoted the following from Everett v. Judson, 228 U. S. 474, 479, 33 S. Ct. 568, 569, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154, the substance of which is also to be found in Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 310, 32 S. Ct. 96, 56 L. Ed. 208:

" 'We think that the purpose of the law was to fix the line of cleavage with reference to the condition of the bankrupt estate as of the time at which the petition was filed and that the property which vests in the trustee at the time of adjudication is that which the bankrupt owned at the time of the filing of the petition.'

"We are of opinion that the language of the decisions must be held to mean that a conditional sale contract, sufficient under the law of the state where made, without recording, passes no title to the purchaser and is good as against the rights of the trustee in bankruptcy under section 47a (2) [11 USCA § 75], because the bankrupt, having no title, can pass none to the trustee. See, also, Century Throwing Co. v. Muller, 197 F. 252, 263 (3d C. C. A.); In re Terrell, 246 F. 743 (8th C. C. A.); In re Seward Dredging Co. (C. C. A.) 242 F. 225."

In John Deere Plow Co. v. Hershey et al., 287 Pa. 92, 134 A. 490, the contract of sale was exactly like the contract in the case at hand and the court there held that sales under the contract were conditional.

The sale in the case at hand was a con-ditional sale, and the title to the articles in question remained in the seller. The trustee received no higher title to the goods than the buyer, and, since the trustee stands in the place of the buyer, he has no title to the goods in question, and they must be returned to the seller, the John Deere Plow Company, on this petition for reclamation.

And now, February 4, 1928, the decision of the referee, denying the prayer of the petitioner, is overruled, and his order is set aside. The prayer of the petitioner is granted, and the trustee is ordered to turn over to the John Deere Plow Company, the petitioner, the goods and property mentioned and claimed therein.