Citizens State Bank of Manteno, Illinois et al., Appellees, v. Zephire Senesac, Administrator De Bonis Non with the Will Annexed of the Estate of Alexander Senesac, Deceased, Appellant.

Gen. No. 8,448.

Opinion filed July 29, 1932.

CHAS. D. HENRY, JR., for appellant.

CLAUDE M. GRANGER, for appellees.

MR. JUSTICE JETT delivered the opinion of the court.

This was a trial of right of property in the county court of Kankakee county, in which 2,500 bushels of corn were levied upon by the sheriff by virtue of an execution in his hands in favor of Zephire Senesac, administrator *de bonis non* with the will annexed, of the estate of Alexander Senesac, deceased, appellant. As disclosed by the record the pleadings consisted of the statutory notice to Ed Hoennicke, sheriff, notifying him that the undersigned claimed the share of Emilian Senesac in all corn in crib and field levied upon by the sheriff, under writ of execution out of the circuit court of Kankakee county on a certain judgment in favor of Zephire Senesac, administrator, against Emilian Senesac, and that it was the intention of the undersigned to prosecute their said claim. Said notice was signed by

Citizens State Bank of Manteno, Illinois, First National Bank of Momence, Illinois, and John B. Senesac, and later Fred H. La Rocque was added as party claimant by leave of the court and signed same.

It appears that on March 27, 1930, Emilian Senesac was indebted to his brother John F. Senesac for $1,774.97, due the latter in the settlement of their father's estate, and for money borrowed to the appellee, Citizens State Bank of Manteno, Illinois, in the sum of $1,757.85, to the appellee, First National Bank of Momence in the sum of $500. It further appears that appellee Fred H. La Rocque, cashier of the Citizens State Bank of Manteno, had been endeavoring for some time in behalf of the other appellees to collect the three debts mentioned. On March 27, 1930, he procured from Emilian Senesac, by way of security for these debts, three notes for the sums mentioned as above and a chattel mortgage on certain live stock, implements and grain. The notes were drawn to the order of Fred H. La Rocque who was also named as mortgagee in the chattel mortgage. Upon receipt of the notes La Rocque indorsed each in blank without recourse and delivered to the Citizens State Bank and to the First National Bank their respective notes; John B. Senesac's note was left with the Citizens State Bank.

It further appears that on June 30, 1930, La Rocque, in behalf of the same three creditors, procured from Emilian Senesac as further collateral security for these debts, another chattel mortgage upon his growing crops of barley, oats and corn. This chattel mortgage was also drawn to Fred H. La Rocque and secured a note for $5,000 to his order which he indorsed in blank without recourse and held with the mortgage.

Thereafter La Rocque continued to act for the three creditors. He collected two per cent of the principal and accrued interest on the first three notes. Still later, on January 26, 1931, the first chattel mortgage

was foreclosed by sale, the net proceeds of which were $2,937.03 cash, and notes which at the time of the hearing below had not yet been distributed among the three creditors. Allowing credit, however, on the aggregate indebtedness of the proceeds of the sale, there remained a balance owing to the three creditors of about $1,000 and some interest.

The said trial of the right of property arose out of a levy by the sheriff under execution on the judgment in favor of appellant against Emilian Senesac, upon corn covered by the chattel mortgage of June 30, 1930. On the hearing before the court, without the intervention of a jury, appellees claimed under the crop mortgage and introduced evidence of their claim as above indicated herein. The appellant introduced no evidence but moved to strike the evidence heard on the part of appellees and for a finding in his favor, which was by the court denied. The appellant then submitted propositions of law and facts embodying his contentions that because the note and chattel mortgage of June 30, 1930, were taken in the name of Fred H. La Rocque, to whom individually Emilian Senesac was not indebted, the mortgage was void; that the debts of the other appellees were not in law a consideration of the mortgage. The court found the mortgage to be a valid one and rendered judgment for appellees, and the appellant prosecuted this appeal.

The whole contention of appellant is that the mortgage was void because the note and chattel mortgage of the date of June 30, 1930, were taken in the name of La Rocque to whom Emilian Senesac was not indebted. If this chattel mortgage was legal then the contention of the appellant must fail. If it was not legal then his contention must prevail. In answering the suggestions of appellant it is conceded that appellees had the burden of proving their claim. It is quite apparent that no question of construction either of a chattel mortgage or of the Mortgage Act, Cahill's St. ch. 95, is

presented by the record in this cause. It is the contention of appellees that the appellant is not in a position to raise the question as is sought to be raised in his 5th, 6th, 7th, 8th and 11th propositions of law for the reason that no objection was made in the court below which would permit appellant to insist that the note and chattel mortgage of June 30, 1930, were void. We are of the opinion that the contention of appellees is well founded. Whether this be true or not is there any merit in appellant's contention as raised by the last above mentioned propositions of law? There is nothing in the statute which confines the trial of the right of property to purely legal claims. It is apparent that La Rocque, having taken in his own name the crop mortgage and note and not having transferred them, was the legal owner thereof, but as trustee for the other three appellees, the beneficial owners. The entire technical and beneficial ownership of this note and mortgage was in the four appellees at all times and no authority is cited that they could not join in claiming it. In support of his contention appellant relies upon *Lips v. Cermak,* 205 Ill. App. 246, which was a case where one claimant owned the entire legal and equitable title and the other had only a contractual claim to a commission for selling it. Moreover in that case the question of misjoinder was raised below. Furthermore no injury was worked to the rights and interests of appellant because of appellees joining as claimants.

In this connection it will further be observed that in support of his contention appellant insists that the chattel mortgage was invalid, first, on the ground that the consideration for a chattel mortgage may not move from any one other than the mortgagee named, and second, that a chattel mortgage may not be given to one person for the benefit of another person, a creditor. In support of these contentions appellant relies principally upon the case of *Martin v. Sexton,* 112 Ill.

App. 199. In that case the contest was between a chattel mortgagee in possession and a mortgage creditor whose chattel mortgage running to "A," trustee, was given subsequent to possession acquired by the first mortgagee, and the transaction was found to be tainted with actual fraud. The court said that the second chattel mortgage was invalid because of its form, not disclosing for whom "A" was trustee, and because "A" was an entire stranger to the transaction, had no interest in it and did not even know that a mortgage had been given. In the instant case the chattel mortgage was not given to Fred H. La Rocque, trustee, and he was no stranger, disinterested and unaware of the transaction, but on the contrary he actually did the business, knew all the details and had an interest as representative of the creditors in procuring the security. The case of *Martin v. Sexton, supra,* is distinguishable as far as the facts are concerned from the instant case.

Appellant also, in support of his contention, relies upon *Christoffel v. Lee,* 153 Ill. App. 395. In view of the state of facts before us, as arise out of the present record, the case of *Christoffel v. Lee, supra,* is not decisive of the point in question.

In our opinion the consideration of a chattel mortgage may move from a person other than the mortgagee, a proposition which would appear to be indisputable under elementary principles of contract law. There is no principle of law nor any reason in fact which makes it illegal for a debtor to transfer his property to a third person to be held for the security of his creditor. In Vol. 5, R. C. L. at page 419, it is stated that a chattel mortgage may be given to one person for the benefit of another, for instance, to the cashier of a bank to secure a debt to the bank.

Our attention has been called to the opinion of the District Court of the United States for the Eastern District of Illinois, *In re Babb,* 41 F. (2d) 253. In this

case Pfeffer, mortgagee, in a chattel mortgage from the bankrupt Babb, complained of an order of the referee in bankruptcy holding the mortgage invalid as against the trustee in bankruptcy because given along with certain notes therein mentioned, as collateral security for other notes owed by the bankrupt to a bank for which Pfeffer was trustee and of which he was vice president. A trustee in bankruptcy occupies the position of a creditor armed with an execution, so the trustee claiming the mortgaged property was in effect in the same position as appellant in the instant case. In its decision the federal court pointed out that the Illinois Statutes are silent and the Supreme Court had not passed upon the questions so far as they relate to those involved in the case at bar and held, first, that the consideration for a chattel mortgage need not move from mortgagee to mortgagor; second, a chattel mortgage may be given to one person for the benefit of another; third, a chattel mortgage is not necessarily void because the indebtedness is not fully or accurately described in the instrument; fourth, an indebtedness upon several notes may be stated in a mortgage as the gross amount, equal to the principal and interest of the notes without reference to the notes. The conclusion of the court was reached after an examination of authorities bearing upon the point in question from a number of States. We are of the opinion that the conclusion reached by the United States District Court is sound. The case of *In re Babb* answers the contention of the appellant that the mortgage is void because of a misdescription of the debt.

The case relied upon by the appellant, *John Deere Plow Co. v. Hershbarger,* 260 Ill. App. 227, is clearly distinguishable from the case under consideration. In the *John Deere Plow Co.* case the chattel mortgage described all of the notes listed as payable to "A" and assigned to "X," whereas it appeared that the last note listed was payable to "B" and had always been

held by "B." In the instant cause the $5,000 note was correctly described in the chattel mortgage. It certainly cannot be successfully urged that the mortgage before us is invalid because the amount it purported to secure was collateral security against a contingent liability not disclosed by the mortgage; that is, the possible deficiency after foreclosure of appellee's other mortgage.

In *Goodheart v. Johnson,* 88 Ill. 58, cited with approval in *Southern Surety Co. v. Peoples State Bank of Astoria,* 332 Ill. 362, 365, 366, the chattel mortgage was held valid although reciting a $6,200 debt upon a showing made that it was given to secure the mortgagee who had signed the notes for the mortgagor.

In *Bodley v. Anderson,* 2 Ill. App. 450, a chattel mortgage purporting to secure a $1,100 note was sustained on appeal, although the evidence showed it was given to secure the mortgagee, signer for the mortgagor on another note of lesser amount.

In *Melody v. Arcola State Bank,* 249 Ill. App. 85, 89, on trial of right of property, a chattel mortgage purporting to secure $1,000 was upheld though the evidence showed that in part it was to secure the mortgagee who had signed a $394 note for the mortgagor.

It should be kept in mind that the evidence on the part of appellees successfully rebuts any imputation of fraud. Appellant does not charge actual fraud but contends that the transaction in question operated as a "constructive fraud" on his right. In view of the authorities it would seem to be immaterial to whom the obligation ran, whether to Fred H. La Rocque or to those whom he represented, so long as there was an obligation of which no attempt is made to deny.

It has been said that the essence of a chattel mortgage is the intention to transfer title to secure the performance of an obligation of the mortgagor. *Southern Surety Co. v. Peoples State Bank of Astoria,* 332 Ill. 362. The transaction here in question was therefore

a chattel mortgage. It was undertaken in good faith, admittedly complying with all statutory formalities of acknowledgment and recording.

We have examined all the objections raised by the appellant and after an examination of the record, and of the various reasons assigned by the appellant, we are of the opinion that the judgment of the county court of Kankakee county should be affirmed, which is accordingly done.

*Judgment affirmed.*