**BUCYRUS–ERIE CO. v. CASEY.**

**No. 4728.**

Circuit Court of Appeals, Third Circuit.

Oct. 3, 1932.

Rehearing Denied Oct. 20, 1932.

Roger Sherman Hoar, of South Milwaukee, Wis., and Stonecipher & Ralston, of Pittsburgh, Pa., for appellant.

F. R. S. Kaplan, of Pittsburgh, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree in equity of the District Court for the Western District of Pennsylvania. A petition was filed by the receiver of the T. J. Foley Company, an insolvent corporation, praying for instructions in relation to a claim of the Bucyrus-Erie Company. The court entered a decree allowing the claim in part, and disallowing it in part.

The T. J. Foley Company, before its insolvency, had bought three excavating machines from the claimant, the Bucyrus-Erie Company, on contracts of conditional sale. At the time of insolvency a balance of the purchase price was due on the machines, and the court allowed the payment of that balance. A part of the claim disallowed was for repairs to the three excavators; and a part upon an open account. The claimant relies on the terms of the contracts of conditional sale, and maintains that the open account and the costs for repairs to the excavators must be paid before title to the excavators passes to the vendee or its receiver.

Each of the contracts of sale provides: "Title to the machine shall remain in us until the purchase price (including any modifications or extensions, and whether evidenced by notes or otherwise), and all other sums which may be or become due from you to us, shall have been fully paid in cash."

The contracts were based on the Pennsylvania Conditional Sales Act of May 12, 1925, P. L. 603 (69 PS § 361 et seq.).

The court below held that the title passed to the receiver on the payment of the balance of the purchase price; that the act does not, under a proper construction, authorize a provision in a contract of conditional sale for any condition other than the payment of

the purchase price; that such a provision would transform the contract into a chattel mortgage which, because it creates a secret lien against creditors, is looked upon with disfavor in Pennsylvania.

The act (section 1 [69 PS § 361]) defines a conditional sale as: "* * * Any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price or upon the performance of any other condition or the happening of any contingency."

It further (section 4 [69 PS § 401]) provides: "Every provision in a conditional sale, reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

■ The doctrine that chattel mortgages are not favored by public policy in Pennsylvania is not only recognized in the decisions of the courts (Roberts' and Pyne's Appeal, 60 Pa. 400; Klaus v. Majestic A. H. Co., 250 Pa. 194, 95 A. 451), but is inferentially recognized by the fact that, under certain circumstances, chattel mortgages have been authorized by acts of assembly to cover special classes of personal property. See Act of April 5, 1853, P. L. 295 (21 PS § 831 et seq.), authorizing tenants of coal mining rights in Schuylkill county to mortgage their interests, together with machinery and fixtures appurtenant or belonging thereto; Act of May 18, 1876, P. L. 181 (21 PS § 831 note), authorizing the mortgaging of certain chattels such as sawlogs, lathes, petroleum, iron ore, etc.; Act of May 20, 1891, P. L. 102 (21 PS § 861), authorizing the mortgaging of iron ore, pig iron, blooms, steel, and iron nails. These acts provide for the recording of such mortgages, and are significant, since, long prior to the passage of the Conditional Sales Act, the Legislature had deemed it necessary to validate mortgages upon such chattels as are therein specified. If chattel mortgages were valid under the common law of Pennsylvania as against attaching creditors, or as against a receiver in equity who stands in the shoes of an attaching creditor, the enactment of laws specifying the kinds of chattels upon which a valid mortgage could be created would have been unnecessary.

We think it follows that a lien upon chattels not included within the acts of assembly must be held invalid in Pennsylvania as against an attaching or execution creditor, and therefore against a receiver in equity.

■■ It was not shown that the transactions involved in the open account were in any way related to any of the three transactions of conditional sale. The claimant, however, urged the court to construe the expression, "upon the performance of any other condition," as meaning any other condition whatsoever, although in no way related to the payment of the price of the excavators. If the Conditional Sales Act is to be construed as the claimant contends, the generality of the expression in these contracts of sale, if supported by the generality of the expression of section 1 of the act (69 PS § 361), would permit parties to conduct transactions under cover and defeat the well-settled policy of the law in Pennsylvania against chattel mortgages. We construe the expression, "upon the performance of any other condition," as meaning any other condition incident to such sale. We do not mean that the condition is restricted to the payment of a part or whole of the purchase price, but it may include other conditions or the happening of other contingencies incidental to the transaction; for example, that the property be kept free from liens; that the cost of repairs to the article sold be paid by the vendee; that the machine be kept in good operative condition; that the vendee pay the cost of retaking, keeping, and storing the machine; that insurance be maintained; that payment be made for the vendor's expenses in erecting or installing the machinery. These we think are examples of conditions which the vendor could reasonably require to be performed within the meaning of the expression "upon the performance of any other condition." If the provision is not so construed and restricted, but is construed in accordance with the claimant's contentions, the contract of conditional sale would cease to be a contract of sale for a specified article, but would become security for the unconditional purchase of other articles in the future, and in effect a chattel mortgage for an undisclosed amount, resulting in inequities to other creditors. Such conditions, we think, were not within the contemplation of the Legislature.

It is ordered that the decree of the court below be modified by adding to the amount allowed the claimant the amount of the items for repairs to the excavators. In all other respects the decree is affirmed; costs to be equally divided between the parties.