136 F.2d 640 (1943)
In re HALFERTY et al.
BRADEN
v.
BUCYRUS-ERIE CO.
No. 8245.
Circuit Court of Appeals, Seventh Circuit.
June 26, 1943.
*641 L. H. Jonas and Ralph E. Suddes, both of Centralia, Ill., for appellant.
Roger S. Hoar, of South Milwaukee, Wis., for appellee.
Before SPARKS, KERNER, and MINTON, Circuit Judges.
SPARKS, Circuit Judge.
The question presented is whether the written instrument in issue is a conditional sales contract, or a chattel mortgage given as security for the payment of all or part of the account involved.
On January 6, 1941, the debtors accepted in writing a written proposal from appellee to sell to them an oil well drilling machine called a spudder. The purchase price of the spudder was $4,500, payable $1,125 cash, and the balance in fifteen monthly installments. The only controversy presented involves the following clause of the contract: "Conditions: Title to the machinery shall remain in us until the purchase price (including any modifications or extensions, and whether evidenced by notes or otherwise) and all other sums which may be or become due from you to us (our emphasis), which you hereby agree to pay when due, shall have been fully paid in cash." The contract was never recorded as a chattel mortgage as required under Illinois Revised Statutes 1941, Chapter 95, sections 4 and 4a.
The contract further contained the following language: "If default be made by you in the payment of any installment when due, or in the performance of any of your agreements herein, or if a petition in bankruptcy, reorganization, composition, or insolvency be filed by or against you, then all deferred payments, and all notes and renewal notes given therefor, shall become immediately due and payable on demand; and all expenses of collection incurred by us, including attorney fees, shall be on you; and at our option, we may take possession of and remove the machine with your full co-operation, and all payments previously made shall be considered as liquidated damages and rental."
On January 30, 1942, the debtors petitioned for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and subsequently were adjudicated bankrupts.
*642 Appellee seasonably filed an intervening petition in the bankruptcy proceeding before the Referee, setting forth a copy of the contract, and alleging that there was still due on the purchase price of the spudder the sum of $2,025 with interest thereon from the date of the contract. It was further alleged that there was other indebtedness due and owing by the debtors to them, most of which was for repairs on the spudder, and the remainder was for repairs on a different machine. Appellee demanded immediate delivery of the spudder or the payment of the unpaid balance of the entire accounts with accrued interest. The trustee had previously sold the spudder for $2,300.
The Referee in effect held that the instrument constituted a conditional sales contract and not a chattel mortgage, and he recommended a payment by the trustee to appellee of $2,262.97 in full of all demands of appellee. The District Court approved the Referee's report, and from that decree this appeal is prosecuted.
Appellant contends that the contract here involved is, in effect, a chattel mortgage, which is invalid as to the trustee because it was not recorded. This argument is based upon negative conclusions drawn from what appellant states to be a definition of a conditional sales contract by the Supreme Court of Illinois in Gilbert v. National Cash Register Company, 176 Ill. 288, 294, 52 N.E. 22, 25. That court said: "It seems to be settled by the weight of authority that `where, by the written contract of the parties it is expressly provided that the title to the property shall remain in the vendor until the purchase money is fully paid, and there is no reservation of a lien, the transaction is a conditional sale and not a mortgage.'"
Assuming the quoted language to be an exclusive definition of a conditional sale, appellant concludes that unless the language of the instrument provides that the title of the thing sold shall pass to the purchaser immediately on the payment of the purchase price, then and in that event, the instrument cannot be considered as a conditional sale. That is a non sequitur of the language quoted.
Immediately following the quotation referred to the court said:
"It is often difficult to determine whether a particular transaction constitutes a mortgage or a conditional sale. Ordinarily the question is to be determined by showing what the intention of the parties was in reference to the matter; and when it is doubtful whether the transaction is a mortgage or a conditional sale, the courts are inclined to solve the doubt in favor of its being a mortgage. * * * But the cases seem to hold, that there is no doubt as to the character of the instrument when, by its terms, personal property is delivered by the owner to another with the requirement that the title shall remain in the owner until the payment of the purchase price. In such case the transaction is uniformly held to be a conditional sale, and not a mortgage."
It is clear that what appellant claims to be an exclusive definition of a conditional sale by the Supreme Court of Illinois is not and was not intended as such.
However, appellant argues that under such definition the instant contract is defective as a conditional sale in that it does not provide that the title of the spudder shall pass to the purchaser on payment of the agreed price of it, but such transfer is deferred until further recited conditions are performed which in no way are connected with the sale of the spudder. He does not contend that the contract before us would not be a valid conditional sale if the words "and all other sums which may be or become due from you to us" were eliminated. In other words, he asserts that by the inclusion of those words, what would otherwise be a valid conditional sale is converted into a chattel mortgage. If this were true, it would constitute a lien upon property in favor of the appellee if recorded, but not having been recorded it would be invalid as against other creditors even as a mortgage.
We think there can be no doubt that both parties to this contract intended the instrument to be a conditional sale and not a mortgage, and the only question before us is whether they altered that intention by the insertion of the words above quoted.
To meet appellant's contention appellee relies upon the Uniform Sales Act of the State of Illinois, which was adopted by its Legislature in 1915. Chapter 121½, Ill.R.S., section 20 reads:
"Where there is a contract to sell specific goods, or where goods are subsequently appropriated to the contract, the seller may by the terms of the contract or appropriation, reserve the right of possession or property in the goods until certain conditions have been fulfilled. The right of *643 possession or property may be thus reserved notwithstanding the delivery of the goods to the buyer * * *."
Section 74 of the same chapter is as follows:
"This act shall be so interpreted and construed, if possible, as to effectuate its general purpose to make uniform the laws of those states which enact it."
This Act has been adopted by many states of the Union in order that there may be uniformity of the laws on this subject within the boundaries of the states adopting it. In the interpretation of similar uniform laws, the decisions of other jurisdictions on such points as have not been decided by the courts of the forum, are not merely persuasive, but are as binding as would be a decision of the highest court of the forum. This rule has in effect been adopted, with respect to uniform sales, by section 74 of the Illinois Act, which we have quoted. See also ShererGillett Co. v. Long, 318 Ill. 432, 149 N.E. 225.
Some states have subsequently enacted the Uniform Conditional Sales Act which in effect limits the scope of section 20 of the Uniform Sales Act, by requiring some form of public recordation of the contract. The purpose of such enactment is to protect those dealing with the possessor of personal property against secret trusts or claims of those having no connection with the possession and no apparent connection with the title. New Dells Lumber Company v. Pfiffner, 216 Wis. 638, 258 N.W. 375.
In all jurisdictions, where litigated, such contracts as the one now in issue have been construed to be conditional sale contracts rather than mortgages, and effective to postpone the transfer of title, regardless of whether the action was based on the Uniform Sales Act, or the Uniform Conditional Sales Act, or both, or neither, or regardless of whether there were one or more valid conditions precedent. See Faisst v. Waldo, 57 Ark. 270, 21 S.W. 436; Augusta Cooperage Company v. Parham, 139 Ark. 605, 213 S.W. 737; Brown v. Woods Motor Co., 239 Ky. 312, 39 S.W.2d 507; Hammans Co. v. Fricker, 184 Ark. 1193, 42 S.W.2d 1001; Municipal Corporation v. Canole, 342 Mo. 1170, 119 S.W.2d 820; Baring v. Galpin, 57 Conn. 352, 18 A. 266, 5 L.R.A. 300; Union Company v. Thompson, 98 Wash. 119, 167 P. 95; Studebaker Co. v. Witcher, 44 Nev. 442, 195 P. 334; Giligian v. New England Truck Co., 265 Mass. 51, 163 N.E. 651; Dunlop v. Mercer, 8 Cir., 156 F. 545; In re Craig Lumber Co., 9 Cir., 269 F. 755; In re Gelatt & Son, D.C., 24 F.2d 215; Webster Corp. v. Continental Bank, 3 Cir., 66 F.2d 558; Continental Bank v. Webster Corp., D.C., 4 F.Supp. 337.
Appellant relies on Dunn v. Archer, 150 Tenn. 440, 265 S.W. 678, and Bucyrus-Erie Co. v. Casey, 3 Cir., 61 F.2d 473, as supporting a contrary doctrine. In the Dunn case, the court held that the contract was not a conditional sale of personal property because the property involved was not personal property as defined and contemplated by the Statute of Tennessee. In the Bucyrus case, the court held the contract to be one of conditional sale, but held that under the Pennsylvania Act the words "any other condition" meant any other condition incident to the sale, and did not include as a condition precedent the payment of an open account not related to the sale. Later, however, in Webster Corp. v. Continental Bank, supra, the same court affirmed the decision of the District Court and recognized as a valid condition precedent the paying of a real estate mortgage separate and distinct from the purchase price, which was not at all involved as a precedent condition. Those facts are not set forth in the opinion of the Circuit Court of Appeals, but are fully set forth in the opinion of the District Court. The Circuit Court, however, held that the contract constituted a valid conditional sale and was not defeated because it contained other conditions unrelated to the sale of the property involved. In the Bucyrus case, supra, the court merely eliminated what it regarded as an invalid condition, and enforced all conditions which were incident to the sale.
Before the adoption of the Illinois Uniform Sales Act, conditional sales in that State were void as against third parties, although they were valid between the parties. However, since the enactment, and its construction under Sherer-Gillett Co. v. Long, supra, all contracts within the scope of section 20 are valid against third parties without recording. This is the last legislative enactment on this subject in that State.
The language of section 20 is clear and unambiguous. It states that the seller may reserve the right of possession or property in the goods until certain conditions *644 have been fulfilled, and it further states that the right of possession or property may be reserved by the seller notwithstanding the delivery of the goods to the buyer. It is clear from this language that the seller may impose as many conditions as he desires. He is not confined solely to the condition of payment of the purchase price, nor in fact at all unless the contract so states, for that condition is not specifically mentioned in the section. It must be borne in mind that the title to the property proposed to be sold is in the seller, and he can determine for himself upon what conditions he will transfer it, and if the buyer agrees to those conditions they must all be fulfilled before a transfer can be enforced. Appellant contends that under the Illinois law there can be only one condition imposed, and that it must be certain. The language of the section does not warrant this conclusion. The plural word "conditions" is used and there is nothing in the contract to indicate any uncertainty. To be sure, the amount due under the contract would no doubt vary from day to day but the amount due at any time is not uncertain, for it could be easily ascertained, and the law regards that as certain which can be made certain.
Since the enactment by Illinois of the Uniform Sales Act, its courts have not had occasion to pass upon the validity of a plurality of precedent conditions in a conditional sale as specifically authorized by section 20 of that Act. They have frequently, however, specifically and clearly drawn the distinctions between a conditional sale of personal property and a chattel mortgage. Maxcy-Barton Co. v. Glen Corporation, 355 Ill. 228, 189 N.E. 326, 95 A.L.R. 321; Southern Co. v. Peoples Bank, 332 Ill. 362, 163 N.E. 659, 61 A.L.R. 273; Gilbert v. National Cash Register Co., 176 Ill. 288, 52 N.E. 22; Citizens Bank v. Senesac, 267 Ill.App. 288. These rulings, and many other analogous ones, unquestionably warrant us in holding the instrument in issue to be a conditional sale and not a chattel mortgage. Just why there may not be a plurality of precedent conditions to such a contract is not apparent. The only reason suggested is that it would be against public policy. Illinois, however, declared its public policy in this respect when its Legislature enacted the Uniform Sales Act, and we think our interpretation conforms to that policy. This it can change at any time, but thus far it has failed to do so. Other states, by subsequent enactment, have expressed a public policy different from that contained in section 20, and by that act they have, inferentially at least, construed section 20 as we are now construing it in that they sought relief therefrom by such enactment.
Appellant further contends that section 75 of this Act renders section 20 inapplicable to the contract. It recites that the provisions of the Act relating to contracts to sell and to sales do not apply, unless so stated, to any transaction in the form of a contract to sell or a sale which is intended to operate by way of mortgage, pledge, charge, or other security. We think this contention is without merit. It is clear to us that no such intention was manifested by the contract.
The decree of the District Court is affirmed.