**UNITED STATES of America, Appellant,**

**v.**

**Juanita C. GURLEY, formerly Juanita C. Hill et al., Appellees.**

**No. 26099.**

United States Court of Appeals
Fifth Circuit.

July 30, 1969.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, Howard M. Koff, Attys., Department of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Virginia Q. Beverly, Asst. U. S. Atty., Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, Tax Div., Washington, D. C., Richard C. Pugh, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., Harry Marselli, Atty., Tax Div., Dept. of Justice, Washington, D. C., of counsel, for appellant.

Dean Boggs, Mahon & Mahon, Harry B. Mahon, Jacksonville Fla., for appellee, Juanita C. Gurley.

James P. O'Flarity, North Palm Beach, Fla., R. Hudson Olliff, Jacksonville, Fla., W. Warren Cole, Jr., of Black, Cobb, Cole, Crotty & Sigerson, Daytona Beach, Fla., for Gloria M. O'Flarity.

Before JOHN R. BROWN, Chief Judge, AINSWORTH, Circuit Judge, and FULTON, District Judge.

FULTON, District Judge:

This is a complex case involving distribution of interpleaded insurance proceeds. The United States Government has appealed from disposition of the cause in the pleading stage by the granting of a judgment on the pleadings to one defendant and a summary judgment to another.

### Background of the Cause

In September of 1965 certain premises and the contents thereof were insured with Commercial Union Insurance Company by Juanita C. Gurley, and the Es-

tate of Harry D. Gurley, Jr. Harry and Juanita Gurley had been divorced about a year and a half before his demise. Some two months after the premises were insured, they were destroyed by fire. This cause was instituted by the insurance company. The Company interpleaded the sum of $63,510, which represented its liability to Mrs. Gurley and to the Estate for the one-half interest each held in the property, plus $510 living expenses for which the Company was liable to Mrs. Gurley under the policy.

The following conflicting claims were made upon the interpleaded fund:

1. *Juanita C. Gurley* claims $32,010.-00, representing her share of the insurance proceeds, plus living expenses due her under the policy.

2. *The Estate of Harry D. Gurley, Jr.,* claims $31,500.00, representing its share of the insurance proceeds.

3. *Gloria M. O'Flarity* claims $12,-358.22 plus 6% interest, by reason of a 1961 judgment lien against Harry D. Gurley, Jr.

4. *The United States Government* intervened in the action, claiming the entire fund in payment of tax deficiencies assessed against Juanita C. and Harry D. Gurley, Jr., in the amounts of $39,970.72 and $217,366.67, respectively.

As the case proceeded, O'Flarity and the Government moved for summary judgment, and Mrs. Gurley sought judgment on the pleadings. Upon representation by all parties that there were no disputes as to any material facts in the case, the District Court entered a judgment making the following distribution of the interpleaded fund:

1. *Commercial Union Insurance Company:*
 (a) $4,000.00 attorneys' fees
 (b) $109.50 costs

2. *Eugene C. Mitchell, Special Master:*
 $250.00 compensation

3. *Gloria M. O'Flarity, Judgment Creditor:*
 $12,358.22, with interest at 6% from June 13, 1961, to be paid from the $31,500.00 set aside for the Estate (approximately $17,-000 total).

4. *Estate of Harry D. Gurley, Jr.:* $31,500.00, less the amount to be paid O'Flarity under this Judgment.

5. *Juanita C. Gurley:*
 (a) $510.00 "additional living expenses," under the insurance policy.
 (b) $31,500.00, as her share under the insurance policy.

6. *United States Government:*
 Received no part of the insurance proceeds.

This cause was disposed of at the pleading stage, by the granting of a judgment on the pleadings to Juanita C. Gurley and a summary judgment to Gloria M. O'Flarity. Therefore, the first question on this appeal is whether it was positively demonstrated by the pleadings and affidavits before the District Court that there was no genuine issue concerning any material fact remaining in the cause, so that the case was then in a proper posture to be determined by the applications of principles of law. For concise analysis, the cause can be broken into three basic disputes, which are best considered separately.

### United States v. Mrs. Gurley

The United States alleged in its intervening complaint that it had prior liens on Mrs. Gurley's share of the interpleaded fund, for unpaid income taxes for the years 1957, 1958 and 1959. A jeopardy assessment for the amounts due and demand for payment thereof was served upon Mrs. Gurley June 15, 1966. Mrs. Gurley answered, admitting notice of the assessments as alleged, but asserting that the assessments were barred by the applicable limitations provision, Int.Rev.

Code of 1954, § 6501. This section provides in part, as follows:

> (a) General rule.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

If the assessment is timely made within three years after the return is filed, then, with certain inapplicable exceptions, the tax may be collected by levy or by a court proceeding begun within six years after the assessment of the tax. Int.Rev.Code of 1954, § 6502.

 It is impossible to determine from this record whether the Government's tax liens are barred by this statute. The parties agree that the assessment was made June 15, 1966, but no proof was offered by either side concerning the date Mrs. Gurley filed her income tax returns for the years 1957, 1958 and 1959. Since she may have filed them years late, the statute may not have run before the 1966 assessments. The District Court utilized a presumption that the returns were filed as required by law. Dick Bros. v. Commissioner of Internal Revenue, 3 Cir., 1953, 205 F.2d 64. United States v. Dubin, D.C.Fla., 1966, 250 F.Supp. 197. However, as a general rule of law, the running of the statute of limitations is an affirmative defense, to be pleaded *and proved* by the taxpayer. 10 Mertens, Law of Federal Income Taxation (1964 Rev.), Sec. 57.92. This case was pending in the District Court for almost two years. It is unthinkable that in all that time none of the lawyers offered any proof of the filing dates for the tax returns. When questioned by the Court, the lawyers insisted that all pertinent facts had been submitted.

 There is a further fact issue in this dispute between the Government and Mrs. Gurley. At the hearing on the motion for judgment on the pleadings, counsel for both sides notified the Court that there might be related Tax Court proceedings pending. If deficiency proceedings are pending in the Tax Court, the statutes of limitation relied upon in this case are tolled until the Tax Court decision becomes final. There is a question of fact in this case of whether Tax Court proceedings were pending at a point in time which would affect the running of the limitations statutes. The Government has attached to its brief a certificate of an Assistant Clerk of the Tax Court indicating that two separate tax cases related to this cause have been pending since 1961 and 1963, and were still pending on August 30, 1968, the date of the certificate. However, since this certificate was not in evidence before the District Court, it may not properly be considered in this appeal.

### *United States v. Estate*

 The United States alleged in its intervening complaint that it had prior liens on the share of the interpleaded fund claimed by the Estate of Harry D. Gurley, Jr., for unpaid income taxes for the years 1957 through 1960. Assessments of the amounts due and demands for payment thereof were made on several dates during 1962. Since more than three years may have elapsed between filing of the tax returns for 1957 and 1958, and the filing dates of those returns do not appear of record, it is possible that the statute of limitations discussed with regard to Mrs. Gurley's claim might also operate in favor of the Estate. However, since the statute is an affirmative defense and was not asserted by the Estate, whatever effect it might have has been waived.

Under Int.Rev.Code of 1954, §§ 6321, 6322, a tax lien is valid against all property interests of the taxpayer from the time the assessment is made. The Government made proper assessments against Harry D. Gurley, Jr., for the sums claimed to be due. Therefore, it now has valid tax liens totaling some $217,366.67, with interest, against the

Estate. The remaining question is whether these Government tax liens take priority over the judgment lien of Gloria O'Flarity.

*United States v. O'Flarity*

A brief preliminary outline of proper time sequence will help clarify the issues in this dispute.

| | |
|---|---|
| July 12, 1961 | O'Flarity recorded her judgment in the Duval County Public Records. |
| February 7, 1962 | O'Flarity docketed her writ of execution with the Duval County Sheriff. |
| April 5, 1962 | First Government tax lien attached to the premises. |
| July 2, 1962 | Harry D. and Juanita C. Gurley were divorced. |
| January 31, 1964 | Duval County Sheriff levied on Harry Gurley's undivided ½ interest in the premises, under O'Flarity's writ of execution. |
| February 10, 1964 | Harry D. Gurley, Jr. died. |
| July 31, 1964 | Duval County Circuit Court held the levy valid, holding the ½ interest levied upon to be in the custodia legis for the sale and benefit of O'Flarity. |
| September 23, 1965 | Premises were insured for the benefit of Mrs. Gurley and Estate of Harry D. Gurley, Jr. |
| November 17, 1965 | Insured premises destroyed by fire. |

◆

■■ Gloria M. O'Flarity recorded a corrected final judgment in her favor against Harry D. Gurley, Jr. for $12,-358.22, in the public records of Duval County, Florida, on July 12, 1961. On January 31, 1962, a writ of execution was issued on the judgment. This writ was docketed with the Sheriff of Duval County on February 7, 1962. Under Florida law, recording the judgment established a lien on all real estate of the judgment debtor, Harry D. Gurley, Jr., in the county where the judgment was recorded. Fla.Stat. § 55.10 (1967), F.S.A.[1]

Similarly, the execution which issued on the judgment constituted an "Execution Lien" upon all property of Harry Gurley which was subject to levy and sale under execution, including personalty, as of the time the writ was delivered to the sheriff. Evins v. Gainesville Nat. Bank, et al., 1920, 80 Fla. 84, 85 So. 659. George E. Sebring Co. v. O'Rourke, 1931, 101 Fla. 885, 134 So. 556. 13 Fla.Jur. Executions §§ 36 and 75 (1957). However, there is an unresolved fact question in this aspect of the case which precludes a decision as to when Miss O'Flarity's lien attached to the Harry Gurley property.

1. Fla.Stat. § 55.10 (1967), F.S.A.:
 Judgments and decrees become a lien on real estate in the county where rendered when the judgment or decree is recorded in the proper record of such county and in other counties when a certified copy thereof is recorded in the proper record of other counties.

The record in this cause indicates that Harry and Juanita Gurley, Jr. were divorced July 2, 1962, and that on that date they "became tenants in common" of the premises later insured. (R/18, 31) this would indicate that prior to that time they held the property in an estate other than as tenants in common. It seems likely that as husband and wife, they were tenants by the entirety. Fla.Stat. § 689.15 (1967), F.S.A. (Footnote *infra*) If this is so, then the O'Flarity lien could not have attached to the insured property until the Gurleys were divorced, which was subsequent to perfection of the first United States tax lien. In order to understand the bald conclusion of law just announced, it is necessary to understand the law of Florida with respect to tenancies by the entirety, and how such tenancies are affected by divorce.

■ Under Florida law, a modified version of the common law estate by the entireties has evolved. The estate cannot exist unless the five unities of person, time, title, possession, and control are present. An estate by the entireties is an almost metaphysical concept which developed at the common law from the Biblical declaration that a man and his wife are one. As the law has evolved in Florida, property held in such an estate cannot be charged with the individual debts of either spouse, in the absence of fraud. Neither spouse has any separate interest in such property upon which a lien can attach or execution can be had. See generally, 17 Fla.Jur. Husband and Wife §§ 19, 20 (1958); 1 Redfearn, Wills and Administration of Estates in Florida § 171 (1957).

■ In Florida, property held by spouses under a tenancy by the entireties cannot, except in very limited situations not involved here, be reached to satisfy the individual debt or obligation of either spouse. Meyer v. Faust, 83 So.2d 847 (Fla.1955). Because of the unique nature of a tenancy by the entireties under Florida law, a judgment lien cannot attach to real property held in such an estate under Fla.Stat. § 55.10 (1967), F.S.A., and since property held by the entireties is not subject to levy and sale under execution, an "Execution Lien" cannot attach thereto. Under the present state of the record, this Court is unable to determine whether the Gurleys held the insured premises as tenants by the entirety, or otherwise. In Florida, both real and personal property may be held by husband and wife as tenants by the entirety, if certain conditions are met. Winters v. Parks, Fla., 1956, 91 So.2d 649. Bailey v. Smith, 1925, 89 Fla. 303, 103 So. 833. Pemelman v. Pemelman, Fla.App., 2 Dist. 1966, 186 So. 2d 552.

Under Fla.Stat. § 689.15 (1944) F.S. A.,[2] a tenancy by the entirety becomes a tenancy in common upon the divorce of the husband and wife. Upon divorce, the separate interests in such property become liable for the individual debts of the former spouses. Therefore, if this property was held by the Gurleys in an estate by the entireties, Miss O'Flarity's lien could not have attached to Harry Gurley's interest in the property until the date of the divorce, July 2, 1962.

■ Under Internal Revenue Code of 1954, Section 6323(a) (1), a Federal tax lien becomes valid against "judgment creditors" as of the time it is filed for record, as required by state law. The first United States tax assessment still outstanding against Harry Gurley was made on April 5, 1962. Notice of that assessment was filed for record on

**2.** Fla.Stat. § 689.15 (1944), F.S.A.:
The doctrine of the right of survivorship in cases of real estate and personal property held by joint tenants shall not prevail in this state; that is to say, except in cases of estates by entirety, a devise, transfer or conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of survivorship; and *in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common.* (Emphasis added.)

that day by the Director of Internal Revenue with the Clerk of the Circuit Court of Duval County. However, if the property here involved was then held by the Gurleys in a tenancy by the entirety, the filing of this federal tax assessment with the Clerk of the Circuit Court of Duval County would not have created a United States tax lien against said property because in matters involving the creation and enforcement of federal tax liens the Federal Courts respect those laws of a state which establish and regulate property rights within a state. Folsom v. United States, 5 Cir.1962, 306 F. 2d 361; United States v. American Nat. Bank, 5 Cir.1958, 255 F.2d 504, cert. denied 358 U.S. 835, 79 S.Ct. 58, 3 L.Ed. 2d 72 (1958). Therefore, if it becomes apparent upon remand that the Gurley property was in fact held as an estate by the entireties, both the O'Flarity lien and the United States tax lien may have attached simultaneously at the instant the Gurley divorce became final.

The District Court held that Gloria O'Flarity had a valid lien against Harry Gurley's interest in the property on the date it burned, and that this lien was superior to the federal tax liens. The Court then held that the O'Flarity lien survived the fire and attached to the insurance proceeds. The Government claims on this appeal that the fire on November 11, 1965, eliminated all lien rights of Miss O'Flarity in the premises destroyed by fire. Under the Government theory, Miss O'Flarity's lien was not transfered automatically by operation of law from the property insured to the insurance proceeds.

This Court does not reach the question whether the lien survived the fire, since the preliminary fact question concerning the nature of the estate held by the Gurleys in the property precludes final adjudication upon a motion for summary judgment or judgment upon the pleadings.

*Motion for Attorneys' Fees*

Commercial Union Insurance Company, which instituted this inter-pleader action, was awarded $4,000 by the District Court, as attorneys' fees. Commercial has filed a motion for the allowance of additional attorneys' fees on this appeal. Attached to the motion are affidavits indicating that counsel for Commercial expended ten hours and thirty-five minutes on matters involved in this appeal, and indicating that $500.-00 would be a reasonable fee for this work. The United States opposes this motion. The issue of fees must be resolved by the District Court after all fact issues have been determined. This is so because the award of attorneys' fees to Commercial may depend upon whether the interpleaded fund, or some portion thereof, is awarded to the Government. United States v. R. F. Ball Construction Co., 1958, 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510; United States v. Liverpool & London & Globe Ins. Co., 1955, 348 U.S. 215, 75 S.Ct. 247, 99 L. Ed. 268; Bailey et al. v. Patterson, et al., 5 Cir.1963, 323 F.2d 201; Commercial Standard Ins. Co. v. Campbell, 5 Cir.1958, 254 F.2d 433.

Reversed and remanded.