HUGH MATTHEW SMALL, Fiduciary, and Personal Representative of the Estate of Jessie M. Small, Transferee of the Assets of Hugh T. Small, Deceased, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Small v. Commissioner
Docket No. 29868-87.
United States Tax Court
T.C. Memo 1989-48; 1989 Tax Ct. Memo LEXIS 47; 56 T.C.M. (CCH) 1189; T.C.M. (RIA) 89048; February 1, 1989. Charles P. Duffy, Philip N. Jones, and Peter J. Duffy, for the petitioners. Christine V. Olsen, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency in gift tax of $ 28,264 against the Estate of Jessie M. Small, of which Hugh Matthew Small (brother of Jessie M. Small and hereinafter referred to as petitioner) is the personal representative, as the transferee of assets from her father, Hugh T. Small. The issue for decision is whether Hugh T. Small filed a Federal gift tax return for 1977; if so, *48 the deficiency is barred by the statute of limitations under section 6501(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Silverton, Oregon, at the time of the filing of his petition. On January 19, 1977, Hugh T. Small, petitioner's father, conveyed certain farm property located in Marion County, Oregon, to his daughter, Jessie M. Small (Jessie). The deed was recorded on the same date. Under the terms of the deed, Hugh T. Small reserved a life estate in the transferred property. Asa L. Lewelling, a licensed Oregon attorney, prepared the deed for Hugh T. Small. Hugh T. Small had retained the services of Mr. Lewelling on various legal matters in prior years. After the conveyance, Hugh T. Small and Jessie continued to live on the premises and conduct small farming operations. Hugh T. Small died on October 27, 1983. Jessie was appointed *49 to serve as his personal representative. On July 19, 1984, Jessie filed a Federal estate tax return, Form 706, for the Estate of Hugh T. Small. The estate tax return reflected Hugh T. Small's prior conveyance of the remainder interest in the farm property to Jessie. Jessie died on May 1, 1985. Petitioner was appointed to serve as her personal representative. The estate tax return prepared on behalf of Hugh T. Small indicated that no gift tax had been paid on the transferred remainder interest in the property. Upon receipt of the estate tax return, respondent instituted a search of its records and files to determine whether a gift tax return had been filed regarding the conveyance of the remainder interest. No such return was found. On October 3, 1985, respondent issued a letter to Jessie and Hugh M. Small reflecting its conclusion that no gift tax return had been prepared or filed. Respondent prepared a proposed gift tax, Form 709, United States Quarterly Gift Tax Return, based on its valuation of the remainder interest at the time of the conveyance. The proposed return showed a gift tax due of $ 28,264. Hugh T. Small and Jessie maintained diaries during their lifetimes; *50 the entries into the diaries were very detailed and reflected the day-to-day activities of the authors. Both diaries indicate a clear awareness of the obligation to file tax returns and in particular the necessity to file gift tax returns for the transaction involved herein. Hugh T. Small's diary for 1977 reflects the filing of other tax returns, but there is no entry with respect to the filing of any gift tax returns although an Oregon information gift tax return covering the transaction involved herein was in fact filed. Nor does Jessie's diary reflect the filing of any gift tax returns. On June 19, 1986, respondent issued a no-change letter with reference to Form 709 for the first quarter of 1977. This letter was issued in error. On July 17, 1987, Hugh M. Small requested a copy of the Form 709 filed by his father. On February 3, 1988, the District Director of the Portland, Oregon, office of the Internal Revenue Service issued a letter stating that it was unable to locate any Federal gift tax return prepared by Hugh T. Small for 1977. OPINION Petitioner asserts that respondent's determination is barred under the statute of limitations as set forth in section 6501(a). *51 Respondent contends that the period of assessment remains open under section 6501(c) (3) because no gift tax return was ever filed by Hugh T. Small. The burden is on petitioner to plead and prove the affirmative defense of the running of the statute of limitation. United States v. Gurley,415 F. 2d 144, 147 (5th Cir. 1969); Rule 142(a). We conclude that petitioner has not satisfied his burden. A long line of cases has established that the running of the statute of limitations on assessment requires that the taxpayer prove the date of the filing of the return. Espinoza v. Commissioner,78 T.C. 412, 421 (1982). Section 6501 does not define the word "filed." It is equally well established that the word "filed" as used in Federal statutes means "delivered." United States v. Lombardo,241 U.S. 73 (1916); Walden v. Commissioner,90 T.C. 947, 951 (1988). The determination of whether a return has been filed is a factual inquiry. *52 BJR Corp. v. Commissioner,67 T.C. 111, 119(1976). Petitioner makes several arguments in support of his contention that a Federal gift tax return was filed by Hugh T. Small. First, petitioner asserts that the entries into Hugh T. Small's and Jessie's diaries establish that Hugh T. Small was aware of the obligation to file both Federal and State gift tax returns, that Hugh T. Small was conscientious about filing his tax returns, and therefore a Federal gift tax return was filed. We disagree. Admittedly, Hugh T. Small was meticulous in documenting his daily business affairs in his diary. Also, it is evident that Hugh T. Small had considerable knowledge concerning a variety of taxes, including gift taxes. We think that, given the meticulousness with which Hugh T. Small's and Jessie's diaries were kept and the particular references to the filing of various other tax returns in the former's diary accords critical significance to the omission of any reference to the filing of the gift tax return covering the transaction involved herein. The impact of this omission is even stronger when it is coupled with the fact that the record is devoid of any cancelled check, certified *53 or registered mail receipt, or copy of a Federal gift tax return. [2] The fact that an Oregon information gift tax return was filed is not enough to counter these facts. Petitioner also relies on the testimony of Asa L. Lewelling to establish that a Federal gift tax return was filed. Mr. Lewelling testified that he advised petitioner of the need to file gift tax returns. He also testified that he did not have a copy of any Federal gift tax return prepared for Hugh T. Small in his files, that he had not prepared a Federal gift tax return prepared for Hugh T. Small for 1977, and that he had no first-hand knowledge that Hugh T. Small had filed a Federal gift tax return. Under these circumstances, we are unable to accord any curative effect to Mr. Lewelling's testimony. Lastly, petitioner asserts that the no-change letter issued by respondent establishes that a gift tax return was received and was probably lost or misplaced by respondent. The no-change letter was sent in error by an inexperienced employee who erroneously processed the case as a delinquent return and not under the substituted return procedures. *54 The record also reveals that a thorough investigation had been conducted to determine if a gift tax return had been filed by Hugh T. Small in 1977. While the no-change letter is some indication that a gift tax return may have been received, it is outweighed by the evidence of record as to respondent's procedures for keeping track of returns that have been filed. Cf. BJR Corp. v. Commissioner,67 T.C. at 121. To hold that the no-change letter is controlling evidence would be tantamount to concluding that respondent is estopped to deny receipt of the gift tax return. This we are not prepared to do since it is clear that petitioner has not shown that the elements essential to show estoppel are present. Estate of Emerson v. Commissioner,67 T.C. 612, 617-618 (1977). See also Boulez v. Commissioner,76 T.C. 209 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987). The fact that an employee of respondent was clearly inept in issuing the no-change letter is not a substitute for a showing by petitioner that these elements were present. *55 For similar reasons, petitioner's claim to equitable relief is rejected. In sum, the record herein falls short of containing sufficient evidence to enable petitioner to carry his burden of proof that a Federal gift tax return was filed. Cf. Espinoza v. Commissioner,78 T.C. at 421. Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See Block v. Commissioner,T.C. Memo. 1972-130↩.