Thomas Lee BALDWIN,
et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. 90–14065–CIV.

United States District Court,
S.D. Florida.

Nov. 5, 1992.

John F. Tierney, III, Tierney & Haughwout, W. Palm Beach, Fla., for plaintiffs.

Blanton B. Allen, Asst. U.S. Atty., Miami, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE is before the court upon cross motions for summary judgment filed by the parties. The parties agree that the sole issue presented is a matter of law and that no material facts are in dispute. The parties also agree that the question presented is one of first impression and that the defendant United States is requesting the court to "extend or modify" the precedent currently existing in this area.

FACTS

On May 15, 1989, one of the plaintiffs, Thomas Lee Baldwin, was convicted by this court and sentenced to twenty years in prison and a fine of $100,000. On April 3, 1990, Thomas and Sara Baldwin, his wife, filed a complaint to quiet title in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, due to the government's having filed a lien against their home. The cause was thereafter removed to this court by the defendant United States of America.

The government argues that the $100,000 fine previously imposed on Thomas Lee Baldwin constitutes a lien against the real property held by Mr. and Mrs. Baldwin as tenants by the entireties, and that therefore it is entitled to enforce said lien against the property.[1]

The narrow question for the court is whether the enforcement of criminal fines creates an exception to the general rule

---

1. The court notes that the subject property has been sold by agreement of all parties with the proceeds of the sale now being held in escrow. The parties stipulated that this sale would not affect the legal question before the court today and was only done so as to facilitate the sale of the property to an uninterested third party.

that money judgments against one co-tenant are not entitled to lien status as against real property held in a tenancy by the entirety.

DISCUSSION

■■■ The government concedes that "existing case law clearly favors the position advocated by the Baldwins." *See* Defendant's Motion for Summary Final Judgment at 3. Indeed, cases such as *United States v. Gurley*, 415 F.2d 144 (5th Cir. 1969), clearly hold that property held by the entireties cannot be reached to satisfy the individual debt or obligation of either spouse. *Id.* at 149 (interpreting Florida law); *see also, United States v. American National Bank*, 255 F.2d 504 (5th Cir. 1958). As the *Gurley* court stated:

> Because of the unique nature of a tenancy by the entireties under Florida law, a judgment lien cannot attach to real property held in such an estate ..., and since property held by the entireties is not subject to levy and sale under execution, an "Execution Lien" cannot attach thereto.

*Gurley*, 415 F.2d at 149.

The government admits this is the law in the general context of creditors' rights, but argues that federal statutes and case law mandate a departure as to the enforcement of criminal fines.

Title 18 U.S.C. § 3565(a)(2), the statute in effect at the time [2], provided:

> 18 U.S.C. § 3565(a)(2) a judgment imposing the payment of a fine or penalty shall, upon the notice of the filing of a lien in the manner in which a notice of tax lien would be filed under Section 6323(f) of the Internal Revenue Code of 1954, be a lien in favor of the United States upon all property and rights of the property belonging to the defendant.... Such lien shall be valid against any subsequent purchaser, holder of a security interest, mechanic's lienor or judgment creditor. A writ of execution may be issued with respect to any property or rights to property subject to such a lien.

Thus, at the time in question, criminal fines were to be executed by the same procedures outlined for the enforcement of tax liens.

In support of its position, the United States relies on two cases which are not directly on point.

In *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), the majority and dissent argued over the effect of a federal statute allowing judicial sale of homestead property to satisfy tax indebtedness. The case involved neither the enforcement of a criminal fine as a lien against property, nor did it involve a tenancy by the entirety. The issue of tenancies by the entireties was debated nonetheless in footnote 31 of the opinion. The argument centered around the legislative history of the 1954 legislation, as to which the Congressional intent was unclear.

■■■ In footnote 31, the majority noted that "in the tax enforcement context, federal law governs the consequences that attach to property interests, but state law governs whether any property interests exist in the first place." *Rodgers*, at 703, 103 S.Ct. at 2148. This analysis undermines the arguments made by the United States. The execution of a tax lien (or criminal fine) is carried out according to federal law, however, which property may be attached remains a question of state law. Indeed, Congress seemed to intend such a result in 18 U.S.C. § 3565 (cited above), when it specifically stated that a "writ of execution may be issued with respect to any property or rights to property *subject to such lien*." (emphasis added).

A tenancy by the entirety is not a "property subject to such lien."

*Rodgers*, although somewhat helpful, simply does not support defendant's position. The language of the footnote is dicta only "tangentially" related (quoting the majority in footnote 31) to the issue in that case. Thus, *Rodgers* does not hold that tax liens can be satisfied as against tenancies by the entireties, and it certainly does not hold that criminal fines may be so execut-

---

**2.** These provisions were superseded by 18 U.S.C. § 3613 on November 1, 1987.

ed. Accordingly, *Rodgers* has little persuasive value.

The other case relied on by the United States is *U.S. v. One Single Family Residence*, 894 F.2d 1511 (11th Cir.1990). This case involved forfeiture of a tenancy by the entirety, not the execution of a criminal fine. Notwithstanding that the court held that the tenancy could not be separated for forfeiture purposes, the government argues that the reasoning in the opinion supports their position in this case. In short, Judge Fay ruled that the "innocent owner" provisions of the forfeiture statute (21 U.S.C. § 881(a)(7)) protect the innocent tenant by the entirety who owns an undivided interest in the whole property. The court speculated in footnote 7, that absent the innocent owner provision, the federal law would preempt the state law on the tenancy by the entirety question and forfeiture could occur. *One Single Family Residence*, at 1518. In the body of the opinion, however, the court also seems to consider that any forfeiture of the innocent owner's interest might be a Fifth Amendment taking. *Id.*, at 1516.

The significance of this opinion, according to the government, is that, unlike the forfeiture statutes, the tax lien statutes do not include an "innocent owner provision" and therefore Florida law on tenancies by the entireties is preempted.

The applicable portions of the tax code provide as follows:

> Section 6321: If any person liable to pay any tax neglects or refuses to pay same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
>
> Section 7403(a): Filing.—In any case where there has been a refusal or neglect to pay any tax, ... the Attorney General ... may direct a civil action to be filed ... to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

Thus, the defendant argues that it is entitled to penetrate the tenancy by the entirety by virtue of the statute's language of enforcement against "any property, of whatever nature" and because of the federal government's interest in collecting criminal fines.

Federal law will preempt state law in several circumstances. Congress can specifically express that state law is preempted; an area of the law with comprehensive federal regulation may not allow for state supplement; a field of dominant federal interest may preclude state laws on the same subject; or state law may actually conflict with and obstruct the intent and objectives of Congress. *One Single Family Residence*, 894 F.2d at 1517 (citations omitted). However, state property law must impact upon clear and substantial federal interests before it will be overridden. *Id., citing, United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966). None of the above cited tests for preemption has been met here.

As with *Rodgers*, the defendant's reliance on *One Single Family Residence* is selective. On the issue of preemption, that court noted that criminal forfeiture statutes are to be enforced "irrespective of any provision of State law." 21 U.S.C. § 853(a). No such express preemption exists in 18 U.S.C. § 3565 or in 26 U.S.C. §§ 6321 and 7403, the statutes at issue here. Moreover, this is not an area where federal law excludes state law or in which state law is in actual conflict. To the contrary, state law has traditionally given "meaning and content to federal statutes" in this area. *Davies Warehouse Co. v. Bowles*, 321 U.S. 144, 155, 64 S.Ct. 474, 480, 88 L.Ed. 635 (1944). The analysis of Judge Fay in footnote 7 of *One Single Family Residence*, so heavily relied on by the United States, is premised on the explicit preemption provisions found in the applicable forfeiture statutes. No such premise exists with the execution of criminal fines.

The United States has offered no case which squarely holds that §§ 6321 and 7403 allow for the execution of tax liens against tenancies by the entireties. More importantly, no case has been cited where the issue was the execution of a criminal fine.

As noted, § 3565 references collection of criminal fines in the manner of a tax lien as a method of enforcement. The provision does not indicate that the Congress meant to fundamentally change the property rights of innocent third parties who are tenants by the entireties with persons later convicted of crimes and fined by the court.

If such was the intention of Congress, it must be more clearly stated.

The plaintiffs' argument is straightforward and relies on a multitude of precedents which clearly establish that tax liens are not enforceable against a tenancy by the entirety because the entireties property is not severable. *See, e.g., United States v. Gurley,* 415 F.2d 144 (5th Cir.1969) (interpreting Florida law); *United States v. American National Bank,* 255 F.2d 504 (5th Cir.1958); *United States v. Hutcherson,* 188 F.2d 326, 331 (8th Cir.1951); *see also, Quick v. Leatherman,* 96 So.2d 136 (Fla.1957); *Andrews v. Andrews,* 155 Fla. 654, 21 So.2d 205 (1945) (discussing that tenancies by the entireties are inseverable). Judge Fay, in discussing this issue, notes that state law defines property interests even when federal statutes are involved; and specifically notes the *Gurley* case and others which "define what types of interests are 'property' which can be attached under federal law." *One Single Family Residence,* 894 F.2d at 1517. These cases uniformly hold that tenancies by the entireties are not an interest which can be attached.

 The argument glossed over by the United States is that to grant the government's request would be a Fifth Amendment taking. Mrs. Baldwin's interest in the subject property is an undivided right of ownership and occupancy. To somehow convert this interest to a tenancy in common would be to fundamentally change her ownership interest and deprive her of her property. A tenancy by the entirety is by definition an *undivided right of possession, title, and enjoyment of the whole property. One Single Family Residence,* 894 F.2d at 1516. The government cannot unilaterally attack this interest and require Mrs. Baldwin to take half of the proceeds as her "share." She did not own a "share," she owned the entire house.

The court rejects the arguments made by the United States for an extension or modification of existing law. Accordingly, the motion for summary judgment will be granted in favor of plaintiffs and against defendants.

The Court having reviewed the motions and the record, and being otherwise duly advised, it is hereby:

ORDERED AND ADJUDGED that the defendant United States of America's motion for summary judgment is DENIED. The plaintiffs' motion for summary judgment is GRANTED. The proceeds of the sale of the plaintiffs' property shall be released to the plaintiffs and final judgment will enter accordingly.

DONE AND ORDERED.